FILED by RB D.C.
ELECTRONIC
June 11, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# 08-80636-Civ-MARRA/JOHNSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO:

FLORIDA HOMETOWN DEMOCRACY, INC., PAMELA WINCHESTER, BARBARA HERRIN, SUSAN DUNN, JOHN DUNN, NANCY LEE, JOSEPH FLORIO, JANET STANKO and JOYCE TARNOW,

Plaintiffs,

v.

KURT BROWNING, in his Official Capacity as Florida Secretary of State,

Defendant.

______________________________________/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. The plaintiffs are the sponsor of a citizens' initiative to amend the Florida constitution, two of the sponsor's officers, and several Florida electors. The individual plaintiffs want to support and vote for the proposed amendment in the general election on November 4, 2008. The defendant is the chief elections officer of Florida.

2. The proposed constitutional amendment would condition the adoption or amendment of a local government's comprehensive land use plan upon final approval by the local electorate in a referendum.

3. Plaintiffs are convinced that they timely filed substantially more than the number of valid petition signatures required by law to have the proposed constitutional amendment placed on the November 4, 2008 ballot. Defendant claims that they did not, and has denied them access

Case 4:08-cv-00373-SPM-WCS Document 2 Filed 08/21/08 Page 2 of 24

to the ballot.

4. Plaintiffs seek declaratory and injunctive relief from defendant's refusal to place the proposed amendment on the November 4, 2008 ballot, from a February 1, 2008 filing deadline for citizens' initiative petition signatures, and from certain additional restrictions on access to the ballot imposed by defendant and his agents.

5. Plaintiffs assert that defendant's refusal to grant them access to the ballot, together with the filing deadline and other restrictions on ballot access imposed by defendant and his agents, unduly burden plaintiffs' rights to cast their votes effectively and to associate for the advancement of political beliefs and deprive plaintiffs of due process and equal protection of law. Plaintiffs further assert that Florida has no legitimate state interest which makes it necessary to burden their rights.

JURISDICTION AND VENUE

6. Federal jurisdiction is claimed under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

7. Venue lies in this District under 28 U.S.C. § 1391(b).

PARTIES

8. Plaintiff Florida Hometown Democracy, Inc. ("Hometown Democracy") is a Florida not-for-profit corporation, a registered political action committee ("PAC"), and the sponsor of a citizens' initiative pursuant to Fla. Const. Art. XI, § 3. The initiative, entitled "Referenda Required for Adoption and Amendment of Local Government Comprehensive Land Use Plans," would amend Art. II, § 7 of the constitution by conditioning the adoption or amendment of a local government's comprehensive land use plan upon final approval by the local electorate in a referendum.

9. Plaintiffs Pamela Winchester and Barbara Herrin reside in Volusia County and are Hometown Democracy's treasurer and deputy treasurer, respectively.

10. Plaintiffs Susan and John Dunn, Joseph Florio, Nancy Lee, Janet Stanko and Joyce Tarnow reside in Marion, Martin, Miami-Dade, Duval and Dixie counties, respectively.

11. All of the individual plaintiffs are citizens of the United States and registered voters in the State of Florida. All of them have signed and circulated the Hometown Democracy petition and donated money to Hometown Democracy. They all want to see the Hometown Democracy initiative placed on the November 2008 ballot.

12. Defendant Kurt Browning is the Florida Secretary of State. As such, he is charged with the general supervision and administration of Florida's election laws and is also the custodian of the Florida constitution, statutes and legislative resolutions. Fla. Stat. §§ 15.13 and 15.01 (2007).

## FACTS

13. The Florida constitution may be amended via (1) joint legislative resolution, Fla. Const. Art. XI § 1; (2) revision commission, Fla. Const. Art. XI § 2; (3) citizens' initiative, Fla. Const. Art. XI § 3; (4) constitutional convention, Fla. Const. Art. XI § 4; or (5) taxation and budget reform commission, Fla. Const. Art. XI § 6.

14. As to amendment via citizens' initiative, Fla Const. Art. XI § 3 provides that

> [t]he power to propose the revision or amendment of any portion or portions of this constitution by initiative is reserved to the people, provided that, any such revision or amendment, except for those limiting the power of government to raise revenue, shall embrace but one subject matter directly connected therewith. It may be invoked by filing with the custodian of state records a petition containing a copy of the proposed revision or amendment, signed by a number of electors in each of one half of the congressional districts of the state, and of the state as a whole, equal to eight percent of the votes cast in each of such districts respectively and in the state as a whole in the last preceding election in which presidential electors were chosen.

15. Until November 2004, the deadline for filing a proposed constitutional amendment initiated by any of the five methods enumerated above was 90 days before the election at which the measure was to be considered by the voters. Fla. Const. Art. XI, § 5.

16. At the November 2004 general election a constitutional amendment, initiated by joint legislative resolution, was approved and thus enacted which changed the filing deadline for a proposed amendment motivated by a citizens' initiative to February 1 of the year of the general election at which the amendment is to be considered. The filing deadline for amendments motivated by any of the other four methods enumerated in Fla. Const. Art. XI was left intact at 90 days before the general election./ *See* Senate Joint Resolution 2394 at http://www.flsenate.gov/ / session/index.cfm?Bl_Mode=ViewBillInfo&Mode=Bills&SubMenu=1&Year=2004&billnum= 2394.

17. Florida Hometown Democracy was incorporated in 2003 and set out to qualify the Hometown Democracy initiative for access to the ballot by obtaining the number and distribution of petition signatures required by Fla. Const. Art. XI § 3, *supra.*

18. After more than 10% of the signatures required to qualify the measure in a general election were collected in the requisite number of congressional districts during the fall of 2003 and spring of 2004, the Hometown Democracy initiative was sent to the Florida Supreme Court for ballot eligibility review as required by Fla. Const. Art. IV § 10. The court ruled unanimously that the proposed amendment was constitutional but split five to four against the legality of the ballot summary. *Advisory Opinion to the Attorney General Re: Referenda Required for Adoption and Amendment of Local Government Land Use Comprehensive Plans,* 902 So.2d 763 (Fla. S.Ct. 2005).

19. After the initiative's ballot summary was revised, and the signature and distribution

Case 4:08-cv-00373-SPM-WCS Document 2 Filed 08/21/08 Page 5 of 24

thresholds for ballot eligibility review were again exceeded, the initiative was again sent to the Florida Supreme Court for review. On June 22, 2006 the court unanimously approved the measure for placement on the ballot once the constitutionally required number and distribution of signatures were obtained. *Advisory Opinion to the Attorney General Re: Referenda Required for Adoption and Amendment of Local Government Land Use Comprehensive Plans,* 938 So.2d 501 (Fla. S.Ct. 2006). A copy of the approved petition, registered with the Florida Department of Elections ("DOE") as petition #05-18, is annexed as Exhibit A.

20. Citizens' initiatives are further regulated by Fla. Stat. § 100.371 (2007), which provides in subsection (1) that "[a citizens' initiative] petition shall be deemed to be filed with the Secretary of State upon the date the secretary determines that valid and verified petition forms have been signed by the constitutionally required number and distribution of electors under this code ...." Section 100.371(7) provides that the Department of State may adopt rules to implement subsections (1) through (6), and the DOE has, in fact, promulgated administrative rules to govern the citizens' initiative process.

21. The validation criteria for initiative petitions are set forth in Fla. Stat. § 100.371(3) (2007), which provides in relevant part:

> (3) Each signature shall be dated when made and shall be valid for a period of 4 years following such date, provided all other requirements of law are met. The sponsor shall submit signed and dated forms to the appropriate supervisor of elections for verification as to the number of registered electors whose valid signatures appear thereon. The supervisor shall promptly verify the signatures within 30 days of receipt of the petition forms and payment of the fee required by s. 99.097. The supervisor shall promptly record in the statewide voter registration system, in the manner prescribed by the Secretary of State, the date each form is received by the supervisor, and the date the signature on the form is verified as valid. The supervisor may verify that the signature on a form is valid only if:
>
> (a) The form contains the original signature of the purported elector.
>
> (b) The purported elector has accurately recorded on the form the date on which he or she

signed the form.

(c) The form accurately sets forth the purported elector's name, street address, county, and voter registration number or date of birth.

(d) The purported elector is, at the time he or she signs the form, a duly qualified and registered elector authorized to vote in the county in which his or her signature is submitted.

22. During the 2007 legislative session, the Florida legislature enacted several critical amendments to Section 100.371:

(a) First, Section 100.371 was amended, effective August 1, 2007, to permit revocation of initiative petitions for the first time in Florida history. The DOE adopted emergency regulations which, *inter alia*, made the amendment retroactive 150 days. A PAC named Save Our Constitution mounted an aggressive and misleading revocation campaign against signers of the Hometown Democracy petition. The revocation provision, § 100.371(6), was ultimately struck down by the First District Court of Appeals for violating the citizens' initiative provisions of the Florida constitution. *Florida Hometown Democracy v. Browning,* __ So.2d __, 2008 WL 1805518 (Fla. 1st DCA April 23, 2008).

(b) Second, Section 100.371(3) was amended to require that each county supervisor of elections ("SOE") "promptly verify the signatures within 30 days of receipt of the petition forms and payment of the required fee ...."

(c) Third, Section 100.371(8) was amended to restrict petition circulators' access to the public by providing that "[n]o provision of this code shall be deemed to prohibit a private person exercising lawful control over privately owned property, including property held open to the public for the purposes of a commercial enterprise, from excluding from such property persons seeking to engage in activity supporting or opposing initiative amendments." This restriction affords unfettered discretion to shopping malls, strip malls and stand-alone

commercial establishments erected on privately-owned property to permit or exclude initiative petitioning as they see fit. Information disseminated about this amendment by the Florida Chamber of Commerce includes several handbills which provide:

> This new law goes into effect July 1 and applies to all private property, including shopping malls, grocery stores, and other places of business that are frequented by the public. This bill does not affect anyone's right to collect petitions on public property, like sidewalks or parks.
>
> A business is also not prohibited from allowing some petition gatherers and prohibiting others, so this law will empower a property owner to make case-by-case decisions about what is in the best interests of its employees and the business.

*See* the Chamber of Commerce website at http://www.flchamber.com/mx/hm.asp?id=home. The enactment of this amendment enabled many commercial establishments to prohibit the circulation of Hometown Democracy petitions. In July 2007 plaintiff Joyce Tarnow, a 69-year-old supporter of Hometown Democracy, was arrested for collecting Hometown Democracy signatures in proximity to a Publix in Broward County and forced to spend the weekend in jail.

23. The demands of preparing for the January 29, 2008 presidential preference primary taxed the resources of many of the county SOEs across the state. The pandemonium at many of these offices is described in *Diaz v. Cobb*, __ F. Supp.2d __, 2008 WL 793584 (S.D.Fla. March 25, 2008). While the SOEs were struggling to prepare for the presidential preference primary, their offices were flooded during the month of January with approximately one million citizens' initiative petition signatures sponsored by several PACs. These signatures included approximately 657,753 filed by Floridians for Smarter Growth, a PAC organized by the Florida Chamber of Commerce with the avowed purpose of opposing and derailing the Hometown Democracy initiative.

24. By memorandum to the county SOEs dated December 31, 2007, the acting director of the DOE for the first time set a deadline of that very day, December 31, 2007, for

Case 4:08-cv-00373-SPM-WCS Document 2 Filed 08/21/08 Page 8 of 24

filing petition signatures. The memorandum provided in relevant part:

> As the January 29 Presidential Preference Primary approaches, I wanted to remind you of a couple of things relating to initiative petitions.
>
> First, the preparation of the Presidential Preference Primary is the priority. However, we are asking that steps be taken to ensure the timely verification and certification of all initiative petitions submitted to your office.
>
> Second, **today, December 31, is the deadline** for petitioning groups to submit petitions to you to ensure the petitions are verified and included in the February 1st certification. Although petitions may, and will, be submitted to you after today, please make every effort to verify them and have them included in the February 1st certification.
>
> It is also suggested that petitions be verified in the order they are received by your office. Please do not verify petitions based on "how close" they are to reaching the required number based on the division's website. Please keep in mind that there may be a number of petitions that still remain to be verified in the counties that are not reflected on the website.

Exhibit B. (Emphasis added.) This memorandum was plaintiffs' first indication that the DOE considered the petition filing deadline to be December 31.

25. Notwithstanding the new statutory amendments permitting revocation of citizens' initiative petition signatures and enabling commercial property owners to ban petitioning on their premises, Hometown Democracy filed some 820,034 petition signatures with the SOEs before February 1, 2008, the statutory deadline.

26. On February 1, 2008 the DOE announced on its website that Hometown Democracy had collected 564,558 petition signatures, short of the 611,009 signatures necessary to qualify for the November 2008 ballot. The website indicated that 18,741 of these signatures had been revoked under the revocation amendment to Fla. Stat. § 100.371, which was invalidated by the First District Court of Appeals on April 23, 2008. On February 14, 2008 the signature count was revised to credit Hometown Democracy with 6,886 additional signatures which had originally been subtracted, allegedly because of a counting error in Broward County revocations.

27. Hometown Democracy has not been credited with the remaining revoked signatures. Moreover, an unknown number of the remaining revocations were "double counted." This occurred when (a) SOEs subtracted totals of revocations from totals of valid signatures and forwarded the net results to the DOE as "total valids" and "total revocations;" and (b) the DOE again subtracted the total revocations from the total valids. The problem was acknowledged in a memorandum dated March 19, 2008 from the DOE to the SOEs, a copy of which is annexed as Exhibit C.

28. The total valid signatures with which the DOE credited Hometown Democracy for filings made through February 1, 2008 was understated for a variety of additional reasons:

(a) Some SOEs, overwhelmed by preparations for the presidential preference primary, lacked the time and resources to properly validate petition signatures.

(b) Some SOEs refused to validate petitions filed in January.

(c) Some petitions were validated by SOEs but not certified to the DOE.

(d) Some petition batches that were filed with the SOEs were misplaced by the supervisors' personnel.

(e) Some otherwise valid petitions were invalidated by reason of "illegal form" because a small part of the political disclaimer statement at the foot of the petition form was inadvertently cut off by the printer.

(f) Thousands of petitions inadvertently sent to the wrong counties were invalidated by reason of "not registered" or "out of county" instead of being returned to Hometown Democracy for filing with the correct county.

(g) Many petitions were rejected because the signer's address had changed, the new address written on the petition form did not match the address in the county's data base, and

Case 4:08-cv-00373-SPM-WCS Document 2 Filed 08/21/08 Page 10 of 24

the signer had neglected to check the change of address box on the petition form.

(h) Thousands of petitions were invalidated because the signers were deemed "purged," "invalid," "inactive" or "illegal," whereas Fla. Stat. § 100.371 only requires that a signer be a registered voter.

29. The interpretation of terms such as "purged," "invalid," "inactive" and 'Illegal" varies greatly from county to county, and these variances are exemplary of wildly inconsistent standards employed by the various county supervisors' offices in reviewing petition signatures.

30. All of these petition validation errors and inconsistencies were compounded by the fact that county voter databases, into which all petition signatures are logged by the SOEs, do not conform to the statewide voter database. The discrepancies among the databases resulted in many "petition reconciliation" errors. Many petition signatures were lost and others were improperly invalidated as "duplicates." Some of these discrepancies were recognized in an e-mail dated January 9, 2008 from the DOE's data processing manager to its acting director, which provides in relevant part:

> VR[1] states that counties continue to set up initiative petitions as local rather than statewide petitions. This causes the signatures not to be sent to the state. This is human error.
>
> VR also states that counties continue to link local petition numbers to the state petition numbers incorrectly. This causes signatures to be recorded for the wrong petition number. Again this is human error.

Exhibit D.

31. By e-mail dated February 4, 2008, counsel for the DOE notified Hometown Democracy that the Division "will not certify numbers again until February 1, 2010." Exhibit E.

---

[1] "VR" is a reference to VR Systems, the vendor of the statewide voter database, Florida Voter Registration System ("FVRS").

32. After February 1, 2008 Hometown Democracy did not resume submitting additional petitions to the SOEs for review until mid-April.

33. On June 11, 2008 the DOE website credited Hometown Democracy with 595,368 valid petition signatures and 13,182 revocations.

34. Upon information and belief, but for the new February 1 filing deadline and the improper invalidation of thousands of petition signatures by the SOEs, Hometown Democracy has substantially exceeded the numerical and geographic distribution requirements for access to the November 2008 ballot.

OTHER AVERMENTS

35. By refusing to grant Hometown Democracy access to the ballot, and by enforcing the February 1 filing deadline and the erroneous and inconsistent signature validation standards described above, defendant is acting under color of state law to deprive plaintiffs of due process of law, equal protection of law, and speech, voting and associational rights secured by the First and Fourteenth amendments to the Constitution of the United States. Defendant is therefore liable to plaintiffs pursuant to 42 U.S.C. § 1983.

RELIEF REQUESTED

36. WHEREFORE, plaintiffs request the following relief:

(a) a declaration that defendant's refusal to grant the Hometown Democracy initiative access to the November 2008 general election ballot is unconstitutional;

(b) a declaration that the February 1 filing deadline for citizens' initiative petition signatures is unconstitutional;

(c) a declaration that the application of inconsistent signature review standards to the Hometown Democracy petition is unconstitutional;

(d) a declaration that defendant is in violation of 42 U.S.C. § 1983;

(e) preliminary and permanent injunctions prohibiting defendant from refusing to grant the Hometown Democracy initiative access to the 2008 general election ballot or, in the alternative, prohibiting defendant from enforcing the February 1 filing deadline and the inconsistent signature validation standards about which plaintiffs complain;

(f) reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

(g) such other and further relief as may be just and proper.

Dated: June 11, 2008

Gary Sinawski
180 Montague Street 26th Floor
Brooklyn, NY 11201
Tel: (516) 971-7783
Fax: (212) 581-1352
E-mail: GSinawski@aol.com

Lesley Blackner
Florida Bar No. 654403
123 Australian Avenue
Palm Beach, FL 33480
Tel: (561) 659-5754
Fax: (561) 659-3184
E-mail: Lblackner@aol.com

Ross Stafford Burnaman
Florida Bar No. 397784
1018 Holland Drive
Tallahassee, FL 32301
Tel: (850) 942-1474
E-mail: rossburnaman@earthlink.net

Attorneys for Plaintiffs

# CONSTITUTIONAL AMENDMENT PETITION FORM

104.185 – A person who knowingly signs a petition or petitions for a candidate, minor political party, or an issue more than one time commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

**I am a registered voter of Florida** and hereby petition the Secretary of State to place the following amendment to the Florida Constitution on the ballot in the next general election.

**I AM REGISTERED TO VOTE IN ____________________ COUNTY.**

NAME ______________________________ STREET ADDRESS ______________________________
Please **PRINT** Name as it appears on Voter I.D. Card — **PRINT** Current Physical Address (NO PO BOXES)

CITY ____________________, FL ZIP ________, USA COUNTY ____________________
(County of residence)

IS THIS A CHANGE OF ADDRESS FOR VOTER REGISTRATION IN SAME COUNTY? Yes___ No___

VOTER REGISTRATION NUMBER ______________ ***-or-*** DATE OF BIRTH ___/___/___
Month Day Year

**X** ______________________________ DATE ____________________
**SIGNATURE AS IT APPEARS ON VOTER I.D. CARD** — **DATE SIGNED**

**BALLOT TITLE**: REFERENDA REQUIRED FOR ADOPTION AND AMENDMENT OF LOCAL GOVERNMENT COMPREHENSIVE LAND USE PLANS.

**BALLOT SUMMARY**: Establishes that before a local government may adopt a new comprehensive land use plan, or amend a comprehensive land use plan, the proposed plan or amendment shall be subject to vote of the electors of the local government by referendum, following preparation by the local planning agency, consideration by the governing body and notice. Provides definitions.

FULL TEXT OF PROPOSED AMENDMENT:

BE IT ENACTED BY THE PEOPLE OF FLORIDA THAT:

**Article II, Section 7.** Natural resources and scenic beauty of the Florida Constitution is amended to add the following subsection:

Public participation in local government comprehensive land use planning benefits the conservation and protection of Florida's natural resources and scenic beauty, and the long-term quality of life of Floridians. Therefore, before a local government may adopt a new comprehensive land use plan, or amend a comprehensive land use plan, such proposed plan or plan amendment shall be subject to vote of the electors of the local government by referendum, following preparation by the local planning agency, consideration by the governing body as provided by general law, and notice thereof in a local newspaper of general circulation. Notice and referendum will be as provided by general law. This amendment shall become effective immediately upon approval by the electors of Florida.

For purposes of this subsection:

1. "Local government" means a county or municipality.
2. "Local government comprehensive land use plan" means a plan to guide and control future land development in an area under the jurisdiction of a local government.
3. "Local planning agency" means the agency of a local government that is responsible for the preparation of a comprehensive land use plan and plan amendments after public notice and hearings and for making recommendations to the governing body of the local government regarding the adoption or amendment of a comprehensive land use plan.
4. "Governing body" means the board of county commissioners of a county, the commission or council of a municipality, or the chief elected governing body of a county or municipality, however designated.

Serial Number 05-18 — Date Approved June 21, 2005

Return to:
**Florida Hometown Democracy, Inc.,**
**P.O. Box 636**
**New Smyrna Beach, FL 32170-0636**

**www.FloridaHometownDemocracy.com**
**phone: (866) 779-5513**
**email: info@floridahometowndemocracy.com**

**PLEASE DONATE!** Contributions should be made payable to "Florida Hometown Democracy, Inc."

*pd.pol.adv., Florida Hometown Democracy, Inc.*

Complaint Exhibit "A"




FLORIDA DEPARTMENT of STATE

**CHARLIE CRIST**
Governor

**KURT S. BROWNING**
Secretary of State

**TO:** Supervisors of Elections

**FROM:** Sarah Jane Bradshaw, Acting Director
Division of Elections

**DATE:** December 31, 2007

**SUBJECT:** Initiative Petition Verification

---

As the January 29th Presidential Preference Primary approaches, I wanted to remind you of a couple of things relating to initiative petitions.

First, the preparation for the Presidential Preference Primary is the priority. However, we are asking that steps be taken to ensure the timely verification and certification of all initiative petitions submitted to your office.

Second, today, December 31st, is the deadline for petitioning groups to submit petitions to you to ensure the petitions are verified and included in the February 1st certification. Although petitions may, and will, be submitted to you after today, please make every effort to verify them and have them included in the February 1st certification.

It is also suggested that petitions be verified in the order they are received by your office. Please do not verify petitions based on "how close" they are to reaching the required number based on the Division's website. Please keep in mind that there may be a number of petitions that still remain to be verified in the counties that are not reflected on the website.

We realize that this is a very busy time of the year for you and your staff. We appreciate what you do to ensure the very best in elections administration. As always, please let us know if you need any assistance from the Division of Elections or the Department of State.

Complaint
Exhibit "B"




FLORIDA DEPARTMENT of STATE

**CHARLIE CRIST**
Governor

**KURT S. BROWNING**
Secretary of State

**TO:** Supervisors of Elections

**FROM:** Sarah Jane Bradshaw, Assistant Director
Division of Elections

**DATE:** March 19, 2008

**SUBJECT:** Hometown Democracy Allegations

---

Recently you received a letter from Florida Hometown Democracy in which they alleged systematic errors associated with the verification of initiative and revocation petitions. The allegations centered around the double counting of revocations, rejection of petitions signed by "inactive" or "purged" voters, and petitions rejected because of address differences.

We provide the following clarifying guidance concerning the submission of certifications to the Division and regarding the verification of signatures on initiative and revocation petitions.

Double Counting of Revocations

When certifying the number of initiative petitions to us, please certify the total number of petitions on the *underlying* petition which were deemed valid. If there is a revocation petition being circulated for the underlying petition, when you certify revocations, separately certify the total revocations deemed valid. You should not deduct any revocation petition numbers from the total number of underlying petitions verified. After receiving your certifications, the Division of Elections will deduct the number of revocations from the valid underlying petition number.

Rejection of petitions signed by "inactive" or "purged" voters

These terms have evolved over the years. The term "purged voter" as used in the opinion cited (DE 78-20) was actually what we would now term an "inactive voter." Division of Elections' Opinion 04-01 outlines several scenarios relating to inactive voters who sign petitions. You should follow that opinion when dealing with "inactive" voters. Voters who have been removed from the registration rolls because they are ineligible to vote or because they have had no activity for at least two general elections after being placed on the inactive list, must reregister in order to have their name restored. The mere act of signing a petition would not be sufficient for the name to be restored and the petition to be verified as valid.

Complaint
Exhibit "C"

<u>Petitions rejected because the address on the petition does not match the address on the voter rolls</u>

Section 100.371(3)(c), F.S., requires a *street* address be listed on the initiative petition before the petition may be verified. If the petition does not list a street address, the petition cannot be verified. However, if the petition lists an incorrect street address, section 99.097(3)(b), F.S., provides that if a voter lists an address other than the legal residence address where the voter is registered, the supervisor must treat the signature as if the voter had listed the address where the voter is registered. Therefore, if you receive an initiative petition *for a voter in your county* and the street address on the petition is different from the address on the registration record, you should verify the petition (assuming all other criteria are met) and allocate that petition to the address listed on the voter's registration record. Please note that Rule 1S-2.0091, F.A.C., requires the voter to be a registered voter in the county where the initiative petition is submitted *both at the time of signing the petition and at the time the petition is verified*. Therefore, if you receive a petition with the voter's street address in your county and the voter has moved to another county prior to verification, that petition cannot be verified as valid. Also, before you may verify a revocation petition, the address on the revocation petition must be the same as that recorded on the underlying initiative petition.

Attached is a checklist which may assist you as you verify initiative and revocation petitions. As I am sure you are all aware, it is extremely important that all counties use the same standards when verifying these petitions.

If you have any questions, please let us know.

Attachment

# CONSTITUTIONAL AMENDMENT INITIATIVE & REVOCATION PETITION SIGNATURE VERIFICATION CHECKLIST

## I. A signature may not be verified on a constitutional amendment initiative or revocation petition unless all of the following exist on the form:

☐ The voter's name.

(**Note**: Per s. 99.097(3)(a), Florida Statutes, a name on a petition form that is not in substantially the same form as the name on the voter registration books shall be counted as a valid signature if, after comparing the signatures on the form and in the registration books, the supervisor of elections determines that the person who signed the petition is the same person who registered to vote.)

☐ a. For a constitutional amendment initiative petition: The voter's residential street address, to includethe city and county.

(**Note**: The address cannot be a business or PO Box address; however, it need not be the residential street address on the voter's registration record. *See* s. 99.097(3)(b), Florida Statutes -- if a voter lists an address other than the registration address, the supervisor of elections shall treat the address as if the voter had listed the voter's registration address.)

b. For a revocation petition: The voter's residential street address (including the city and county) that was recorded on the underlying signature petition on which the voter is seeking to revoke his or her signature.

(**Note**: The addresses on the initiative petition and the revocation petition must match.)

☐ The voter's date of birth **or** voter registration number.

☐ The voter's original signature.

☐ The date the voter signed the petition, as recorded by the voter.

## II. Also, before a signature may be verified, the supervisor must ensure that the signer:

a. For a constitutional initiative petition:

☐ Was a registered voter in the county in which the petition was submitted at the time of signing and verification of the petition.

☐ Had not previously revoked his or her signature on the petition.

☐ Had not signed the petition form more than 4 years prior to the signature verification date.

☐ Had not previously signed the identical petition form.

b. For a revocation petition:

☐ Was a registered voter in Florida at the time of verification of the signature on the revocation petition.

☐ Had his or her signature verified on the initiative petition on which the signature is being revoked.

☐ Signed the revocation petition not more than 150 days from the date of signing the initiative petition on which the signature is being revoked.

Email from the owner of VR Systems Inc., (FVRS vendor)) to the DOE relating to signatures from unknown sources appearing on the State FVRS system:

-----Original Message-----

---

From: David Watson [dwatson@vrsystems.com]
Sent: Tuesday, December 18, 2007 3:41 PM
To: Elias, Sue E. [Data Processing Manager, DOE]
Subject: SY03 report

Sue

Attached is a file of county and FVRS records. **We need to talk, because** they seem to be coming from different planets.

All the voters in both lists appear to be ALA **[Alachua]** voters, but **if I look up the voters on the SY03 list** I cannot see any evidence that they have ever signed a petition. **I cannot see PP02 on the Transaction list. Fred just told me the UpdateDate is meaningless on SY03.** I can't figure out why FVRS has signatures for 2005 or how they came to get them.

**Please call me when you get a chance.** Right now, I don't have any answers, and I can't even come up with a rational next question. Are there any logs, audit trails, or diagnostics that we can use to tell us why FVRS has this data?

David Watson
VP R&D VR Systems Inc
2840 Remington Green Circle
Tallahassee FL 32308
Ph 850 668 2838 (unchanged)
email dwatson@vrsystems.com (unchanged)

---

Email from the owner of VR Systems Inc., (FVRS vendor)) to the DOE relating to **timeframe** necessary **to "fix"** the FVRS **system problems**:

-----Original Message-----
From: David Watson [dwatson@vrsystems.com]
Sent: Friday, December 21, 2007 12:26 PM
To: Bradshaw, Sarah J.; Taff, Peggy
Cc: Elias, Sue E.; 'Jane M. Watson'; Perkins, Mindy
Subject: Petition Reconciliation

Complaint Exhibit "D"

Sarah Jane:

At the FSASE conference I told you that **the vendors** in the meeting prior to that conference **estimated that it would take a minimum of 12 weeks to get to a situation where the list of signatures at the county agree with the list of signatures in the FVRS** system. At VR Systems we have now written a program that will request a SY03 file, retrieve the file from FVRS, will prepare a report on the differences, and also may be optioned to make remediation. However the SY03 request facility is not in production at FVRS, and the test files provided for Orange County and Alachua County have unresolved problems. The Voter Focus SY03 Analysis program is written, but it is not tested. **The probability is that** both production of the SY03 by FVRS and **our program that compares that file with the county data has logical faults. We are not yet in a position to state what differences are in play. Until we do understand the differences, remediation is dangerous.**

We are not doing further work until the content of the SY03 file as a representation of the data on FVRS can be validated.

Mindy Perkins has brought to me an issue relating to remediation of signature dates are Marion county. She has been able to verify that Marion followed our remediation procedure in May. **This leaves further mysteries** about why the remediation at the county which was successful there, did not result in remediation at FVRS.

**The 12 week estimate made at the end of November, would require us to be further on than we are now. I would say we are behind schedule. We haven't reconciled one county. We are nowhere near scaling up a solution to 61 counties. I am expecting that the holidays will limit further progress. I am not criticizing anybody. This kind of activity takes time. Events and the rate of progress indicate my estimates are not too far off. We have to plan for petitions on the basis of what is realistically going to happen, not what we would like to have happen.**

If you have a plan B, I think now would be really good time to dust it off and get it moving. We continue to be confident that the reports produced by the county systems are an accurate reflection of the signatures processed there. These are mature systems that have been in use a long time. What the county systems lack is a sophisticated way of retiring signatures after 4 years.

David Watson
VP R&D VR Systems Inc
2840 Remington Green Circle
Tallahassee FL 32308
Ph 850 668 2838 (unchanged)

Case 4:08-cv-00373-SPM-WCS Document 2 Filed 08/21/08 Page 20 of 24

Email from the FVRS vendor (VR Systems Inc) to the SOE of Monroe County relating to county totals being out of balance with FVRS:

-----Original Message-----
From: Mindy Perkins <mailto:mperkins@vrsystems.org>
To: 'Joyce Griffin' <mailto:rjg@keys-elections.org>
Cc: 'Misty Arnold office' <mailto:mja@keys-elections.org> ; 'VR Jane' <mailto:jwatson@vrsystems.org>
Sent: Monday, **December 31, 2007 8:53 PM**
**Subject:** RE: **totals on soe web for petition #0509 post 01/01/07 are Wrong**

Joyce,

**Currently there is no way for the petition totals to be modified on the State's web-site.** There is **a plan from the state to supply a way for the counties to reconcile the totals but that's still being worked on.**

We'll keep you updated on the progress of this.

Mindy J Perkins
Customer Support Manager
VR Systems Inc
2840 Remington Green Circle
Tallahassee FL 32308
Telephone: 850-668-2838
Fax: 850-668-3193
E-mail: mperkins@vrsystems.com

---

Email from the State DOE data processing manager to the Director of Director relating to county totals being out of balance with FVRS:

From: Elias, Sue E.
Sent: Wednesday, **January 09, 2008** 12:15 PM
To: Bradshaw, Sarah J.
Cc: Roberts, Don
Subject: Petition Signatures

Sarah Jane,

**There have been numerous inquiries regarding petition signature records on FVRS where the county has indicated the data does not match the county records...** the county has indicated they did not transmit that data to FVRS.

I can find no circumstance where data existing on FVRS did not originate from the counties.

In our meeting yesterday morning, I cited a number of reasons why data discrepancies may be occurring between the FVRS database and the local county databases. I reviewed this topic with the county software vendors on this morning's vendor call. Fred Schmidt and David Watson were present from VR Systems. Jon Winchester was present from Megalink. Alka Gupta was present from Tennex Software.

VR states that counties continue to set up initiative petitions as local rather than statewide petitions. This causes the signatures not to be sent to the state. This is human error.

VR also states that counties continue to link local petition numbers to the state petition numbers incorrectly. This causes signatures to be recorded for the wrong petition number. Again this is human error.

**VR states that they provided their customers a utility to submit in batch for a specified petition, all signatures recorded on the local system. This utility apparently did not differentiate between signatures which had been certified prior to 1/12/2007. This caused numerous previously certified signatures to be recorded onto FVRS. These signatures should not be recorded on FVRS. Megalink used a similar utility for their customers. Counties may be unaware that this data was recorded in batch onto FVRS.**

Please let me know if I can provide further information.

Sue
Sue Elias, DP Manager - FVRS
Division of Elections
1940 N Monroe St. Suite 79
Tallahassee, FL 32303
Email: SEElias@dos.state.fl.us <mailto:SEElias@dos.state.fl.us>
Office Phone: 850.245.6119
Cell Phone: 850.443.2814

---

**YAHOO! MAIL**

Print - Close Window

Date: Mon, 4 Feb 2008 14:36:05 -0500 (GMT-05:00)
From:"Ross Burnaman" <rossburnaman@earthlink.net>
To: "LBlackner@aol.com" <LBlackner@aol.com>, "Pam Winchester" <pjwinch@cfl.rr.com>, "FHD" <flhometown@yahoo.com>

----Forwarded Message-----

**From: "Holland, Gary J." <GJHolland@dos.state.fl.us>**

**Sent: Feb 4, 2008 2:28 PM**

To: Ross Burnaman <rossburnaman@earthlink.net>

Cc: "Bradshaw, Sarah J." <SJBradshaw@dos.state.fl.us>

**Subject: RE: Florida Hometown Democracy**

Ross:

If you have questions regarding issues with a request for an advisory opinion, you may contact me. FYI, I have attached the rule that governs requests for advisory opinions so that you will know the procedural requirements.

Per s. 97.012, Florida Statutes (2007), the Secretary of State's role as chief election officer for the state regarding supervisors of elections is essentially to provide technical assistance; however, in his discretion, he may bring actions via mandamus or injunction "to enforce the performance of any duties of a county supervisor of elections." In your example of a supervisor not verifying petitions within 30 days, mandamus or injunctive relief would not provide any meaningful relief for the already past Feb 1 certification deadline. Also, as you are probably aware, s. 100.371, Florida Statutes, does not provide any express remedy for a supervisor's failure to certify petitions within the 30-day period.

**When you say you hope to "quickly get certified" for the 2010 election, please understand that because of the revocation petition possibility and the constitutional and statutory provisions, the Division of Elections will not certify numbers again until Feb 1, 2010.**

Sincerely,

Gary J. Holland
Assistant General Counsel

Complaint
Exhibit "E"

Case 4:08-cv-00373-SPM-WCS Document 2 Filed 08/21/08 Page 23 of 24

Florida Department of State
R.A. Gray Building, 500 S. Bronough Street
Tallahassee, FL 32399-0250
Phone: 850-245-6536
Fax: 850-245-6127

Note: This response is provided for reference only and does not constitute a formal legal opinion or representation from the Department

08-80636-Civ-MARRA/JOHNSON

FILED by RB D.C.
ELECTRONIC
June 11, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as r[equired by law, except as provided] by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of [Court for the purpose of initiating] the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed C[ases Below.]**

**I. (a) PLAINTIFFS** Florida Hometown Democracy, Inc., Pamela Winchester, Barbara Herrin, Suss and John Dunn

**DEFENDANTS** Kurt Browning, Official Capacity Florida Secretary of State

(b) County of Residence of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 561-659-5754
Lesley Blackner
123 Australian Avenue
Palm Beach, FL 33480

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

08CV80636 KAM/LRS

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☒ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page): a) Re-filed Case ☐ YES ☐ NO b) Related Cases ☐ YES ☐ NO
JUDGE DOCKET NUMBER

**VII. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):** 1983 action asserting Plaintiffs' constitutional rights (1st & 14th Amendment) violated by state in connecting with citizen initiative.
LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☒ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
SIGNATURE OF ATTORNEY OF RECORD [signature]
DATE June 11, 2006

FOR OFFICE USE ONLY
AMOUNT 350.00 RECEIPT # IFP
724282