Notice of Emergency Rule

**DEPARTMENT OF STATE**
**Division of Elections**
RULE NO: RULE TITLE

1SER08-1: Constitutional Amendment Initiative Petition; Submission Deadline: Signature Verification

SPECIFIC REASONS FOR FINDING AN IMMEDIATE DANGER TO THE PUBLIC HEALTH, SAFETY OR WELFARE: Pursuant to Section 120.54(4)(b), Florida Statutes, this emergency rule pertains to the public health, safety, and welfare as it involves the interpretation and implementation of the requirements of Chapters 97-102 and 105 of the Florida Election Code.

Prior to 2007, supervisors of elections submitted to the Secretary of State paper certificates indicating the number of signatures verified as valid for each petition initiative. Effective January 1, 2007, Section 100.371, Florida Statutes, was amended to require supervisors of elections to record each valid signature in the statewide voter registration system. Chapter 2005-278, § 28, Laws of Florida (2005). Under the amended law, the Secretary of State is required to determine the total number of verified valid signatures "from the signatures verified by the supervisors of elections and recorded in the statewide voter registration system." Section 100.371(4), Fla. Stat. (2007). The Division of Elections anticipated that the number of verified valid signatures would be able to be determined solely from the statewide voter registration system, and therefore amended Rule 1S-2.0091, F.A.C., to provide that "[t]he Division shall determine from the verified petition signatures recorded in the statewide voter registration system whether the constitutionally requisite number of verified signatures has been obtained . . . ."

Recently, the Secretary of State's staff noticed discrepancies in the numbers of signatures being verified in the statewide voter registration system. These discrepancies can be explained, in part, by human error. For example, some county supervisor of elections' staff established the initiative petitions as local, not statewide, petitions; the staff linked local petition numbers to the state petition numbers incorrectly; and vendors and elections staff used computer programs to batch petition input into the statewide voter registration system that did not distinguish between signatures recorded prior to and after January 2007. These discrepancies have seriously undermined the integrity, accuracy, and reliability of the signatures recorded in the statewide voter registration system. The Secretary of State now lacks confidence in the accuracy of signature verification numbers reported in the statewide voter registration system. The Secretary of State believes paper certifications from the county supervisors of elections reflect the most accurate accounting of verified signatures and he therefore desires to base his determination of

**Exhibit "A"**

the constitutionally required numbers on paper certifications. The Secretary's verification process would be very similar to the process that existed in rule prior to January 2007.

The Emergency Rule is necessary to ensure an accurate counting of signatures verified by the supervisors of elections as it will not require the Secretary of State to base his determination solely upon the signatures recorded in the statewide voter registration system. The Secretary must determine by February 1, 2008, which proposed amendments have been signed by the constitutionally required number and distribution of electors. Section 100.371(1), Fla. Stat. (2007). There is insufficient time to amend Rule 1S-2.0091 through the normal rulemaking process prior to the February 1st deadline. Procedures must be in place on February 1st that will provide the Secretary of State the ability to base his certification on the most accurate count available of signatures verified by the supervisors of elections. Absent this emergency rule, there will be an adverse effect on the conduct of elections and the initiative process in the State of Florida. Therefore, this emergency rule is necessary to provide the Secretary of State with the ability to make the most accurate certification on initiative petitions proposing constitutional amendments and to ensure and maintain the efficiency, integrity, and public confidence in the initiative process. Based on the foregoing, the Department of State finds that the adoption of this rule is necessary to prevent an immediate danger to the public health, safety and welfare.

REASON FOR CONCLUDING THAT THE PROCEDURE IS FAIR UNDER THE CIRCUMSTANCES: The Division of Elections is aware of the rulemaking procedures prescribed by Section 120.54, Florida Statutes. That process requires advance notice to the general public of intended rules and the opportunity to submit comments on the intended rule, prior to the agency's adoption of the rule. The time period for general rulemaking takes at least 60 days and will prevent the timely amendment and adoption of a rule needed to amend the method used by the Secretary of State to verify the signatures on constitutional amendment initiative petitions before February 1, 2008. This emergency rule will permit the Secretary of State to make the most accurate determination whether the requisite number of signatures has been obtained. This emergency rule represents a return to the way the Secretary of State made that determination by rule prior to January 2007. On January 9, 2008, the Secretary of State held teleconferences with representatives of the sponsors of initiative petitions, and with members of the press, regarding the Secretary's lack of confidence in the signature numbers in the statewide voter registration system and informed them that he would be obtaining, and relying upon, paper certifications from each county supervisor of elections.

SUMMARY: This emergency rule removes the requirement that the determination of the constitutionally requisite number of signatures verified by the supervisors of elections with respect to constitutional initiative petitions be based solely upon the number of verified signatures recorded in the statewide voter registration system.

THE PERSON TO BE CONTACTED REGARDING THE EMERGENCY RULE IS: This emergency rule removes the requirement that the determination of the constitutionally requisite number of signatures verified by the supervisors of elections with respect to constitutional initiative petitions be based solely upon the number of verified signatures recorded in the statewide voter registration system.

THE FULL TEXT OF THE EMERGENCY RULE IS:

1SER08-1 (1S-2.0091) Constitutional Amendment Initiative Petition; Submission Deadline; Signature Verification.

(1) Submission. Signed initiative petition forms proposing amendments to the Florida Constitution shall be submitted solely by the sponsoring political committee to the Supervisor of Elections in the county in which the petition forms were circulated. It is the responsibility of the sponsoring political committee to ensure that the signed petition form is properly filed with, or if misfiled forwarded to, the Supervisor of Elections of the county in which the signee is a registered voter. In the case of a misfiled petition, the filing date of the petition is the date such petition is filed with the proper county.

(2) Signature Verification.

(a) In accordance with the signature verification fee provisions in Section 99.097(4), F.S., the Supervisor of Elections shall verify the signatures on each initiative petition form within 30 days of receipt of the form to ensure that each person signing the petition form:

1. Was, at the time of signing and verification of the petitions, a registered voter in the county in which the petition is submitted,

2. Had not previously revoked his or her signature on the petition,

3. Had not signed the petition form more than four years prior to the date the Supervisor verified the petition, and

4. Had not ever previously signed a petition form containing the identical initiative.

(b) The Supervisor shall not verify a signature on an initiative petition form unless all of the following information is contained on the petition form:

1. The voter's name,

2. The voter's residential street address (including city and county),

3. The voter's date of birth or voter registration number,

4. The voter's original signature, and

5. The date the voter signed the petition, as recorded by the voter.

(3) Random Sampling Not Permitted. Supervisors of Elections may not use random sampling as a method for verifying signatures on constitutional amendment initative petitions.

(4) Recordation of Verification. No later than 24 hours after verification of signatures on submitted initiative petition forms, the Supervisor of Elections shall directly record into the statewide voter registration system each valid and verified signature. The appropriate supervisor of elections for each respective voter whose signature is verified as valid shall record the date the form was received, the date of the signature, the date the signature was verified, and the assigned serial number for the applicable initiative petition.

(a) ~~Determination of Constitutionally Requisite Number of Signatures. The Division shall determine from the verified petition signatures recorded in the statewide voter registration system whether the constitutionally requisite number of verified signatures has been obtained with respect to each constitutional amendment for each congressional district and the State as a whole~~. In order for the initiative petition to be timely filed for appearance on the ballot for the next general election, the constitutionally requisite number of verified signatures must be <u>verified and reported to the Division</u> ~~recorded in the statewide voter registration system~~ no later than 5:00 p.m. on February 1 of the year in which the general election is held.

(b) Prior to any determination that the constitutionally requisite number of signatures has been obtained for purposes of placing an amendment by initiative on the ballot, the Division shall determine in accordance with Rule 1S-2.0095, F.A.C., the number of verified petition revocations recorded no later than 5:00 p.m. on February 1 of the same year. The Division shall then deduct that number from the number of verified signatures recorded for the underlying applicable constitutional initiative amendment. Upon a determination that the constitutionally requisite number of signatures has been obtained, the Secretary of State shall issue a certificate of ballot position in accordance with Section 100.371, F.S., to the appropriate sponsoring political committee and assign a designating ballot number.

(c) For any constitutional amendment by initiative that obtained a certification of ballot position prior to the effective date of this rule, a determination shall be made whether the number of verified signatures for petition revocations recorded as of 5:00 p.m. on February 1 of the year in which the next general election is held is sufficient to reduce the number of verified signatures for the underlying initiative amendment below the constitutionally required number of signatures obtained for ballot placement. If the number of recorded verified petition revocations is sufficient, then the initiative amendment is removed or stricken from the ballot in accordance with subsection 1S-2.0011(3), F.A.C.

(5) Limitation on Use of Verified Signatures. Verified signatures used successfully to place a proposed amendment by initiative on the ballot that subsequently fails to be approved by the electors at the general election shall not be used again in support of any future initiative petition.

Specific Authority 20.10(3), 97.012(1), 100.371(7) FS. Law Implemented 100.371 FS. History–New 1-6-80, Amended 12-20-83, Formerly 1C-7.091, 1C-7.0091, Amended 2-13-90, 3-5-96, 1-5-04, 3-16-06, 10-15-07, 1-14-08.

THIS RULE TAKES EFFECT UPON BEING FILED WITH THE DEPARTMENT OF STATE UNLESS A LATER TIME AND DATE IS SPECIFIED IN THE RULE.

EFFECTIVE DATE: January 14, 2008