**MAIL** Classic

Print - Close Window

Date:    Thu, 08 May 2008 13:49:00 -0400
Subject: New from Ivy Korman
From:    "Nancy Lee" <nancy88@bellsouth.net>
To:      "leslie blackner" <LBlackner@aol.com>
CC:      "Florida Hometown Democracy" <flhometown@yahoo.com>

------ Forwarded Message
**From:** "Korman, Ivy (Elections)" <IKORELE@miamidade.gov>
**Date:** Thu, 8 May 2008 13:20:35 -0400
**To:** <nancy88@bellsouth.net>, Lesley Blackner <LBlackner@aol.com>,
Florida Hometown Democracy <flhometown@yahoo.com>
**Cc:** "Mesa, Sandy (Elections)" <SAN@miamidade.gov>, "Innocent, Vanessa
(Elections)" <INNOCEN@miamidade.gov>
**Conversation:** No. 24 Circulator problems
**Subject:** RE: No. 24 Circulator problems

Ms. Lee:

The eight people designated as "rejected" due to Status 24/circulator
problem were given an incorrect "rejection" reason. Unfortunately, at this
time we will never be able to figure out why their petition was rejected.

When our system goes back up, I will have staff enter the 100s of petitions
found by Barbara's staff that were previously marked as "invalid".
Hopefully, my staff will be able to make them "valid". I will give the count
to Barbara.

Ivy Korman
Deputy Supervisor of Elections
Voter Services
Miami-Dade County Elections Department
Phone: 305-499-8321
Fax:   305-499-8371
www.miamidade.gov <http://www.miamidade.gov>
"Delivering Excellence Every Day"

**From:** Innocent, Vanessa (Elections)
**Sent:** Tuesday, May 06, 2008 11:49 AM
**To:** Korman, Ivy (Elections)
**Cc:** Mesa, Sandy (Elections)
**Subject:** FW: No. 24 Circulator problems

Exhibit 3" L "

1

Below is the email from Nancy Lee.

Thank you.

**Vanessa Innocent**
**Elections Department**
(305) 499-8342
www.miamidade.gov <http://www.miamidade.gov>
*"Delivering Excellence Every Day"*

---

**From:** Nancy Lee [mailto:nancy88@bellsouth.net]
**Sent:** Saturday, May 03, 2008 12:51 PM
**To:** Innocent, Vanessa (Elections)
**Subject:** No. 24 Circulator problems

Per our discussion at Elections on Friday, you were going to email exactly what that means. We had these voters rejected:

These people were rejected for **circulator problem**

MG        204 0 DEM F B  09-11-1953 03-10-1983 **24**

109439310  01637485 PINEDA, JAVIER ANTONIO            11455     W
    FLAGLER          ST    #214          33174

        MI     455 0 REP M H  12-11-1969 10-05-1992 **24**

109486231  01698661 JOHNSON, LASHUMBIA SHAJWAN            2286
    NW 61ST          ST    #2          33142

        MI     261 0 DEM F B  04-24-1976 06-07-1994 **24**

109726559  01966468 FOOT, ERIK ALFREDO            3175     NW
94TH          ST          33147

        MI     248 0 DEM M H  08-19-1979 05-17-1997 **24**

109895994  02140193 ROLLING, TOSHIBA D            1600     NW
44TH          ST          33142

        MI     520 0 REP F B  02-19-1977 07-27-2000 **24**

110260744  02509717 HARRIS, TORIANO A            2233     NW 51ST
        ST          33142

2

MI      262 0 DEM M B  05-01-1974 09-14-2004 24

114696736  02695749 HORNE, LEE-ELLA P                    902      NW 50TH
          ST                  33127

MI      521 0 DEM F B  08-05-1988 12-28-2007 24

------ End of Forwarded Message

 **MAIL** Classic                                    Print - Close Window

Subject: FW: Candidate Petition & Initiative Petition Checklists
Date:   Fri, 9 May 2008 14:24:16 -0400
From:   "Barrett, Amber N." <ANBarrett@dos.state.fl.us>
To:     "Florida Hometown Democracy" <flhometown@yahoo.com>
CC:     "Davis, Jennifer K." <JKDavis@dos.state.fl.us>

Ms. Herrin,

FYI

Thank you,

Amber Barrett
Division of Elections
850-245-6224

## From: Palmer, Donald L.
## Sent: Monday, April 21, 2008 5:22 PM

To: ALA - Pam ; Johnson, Althera ; Woodward, Amy ; Ard, Mark ; Crawford, Nita ; Leonard, Barbara M. ; Barbara Osthoff; Barrett, Amber N.; Anderson, Mark ; Boynton, John; Vaughan, Terry L. ; Galey, Fred D. ; Milton, Brenda ; BRO - Brenda Snipes ; Brown, Toshia ; Laramore, Margie C. ; Horton, Mac V. ; CIT - Susan ; Kirkman, Barbara A. ; Beauchamp, Gary; CLL - Jennifer ; CLM - Elizabeth ; Corbett, Mark ; Sola, Lester ; Drury, David R. ; Roberts, Dawn K. ; DES - K. Johnson; DES - Kelli; Negley, Mark ; Cannon, Starlet ; Holland, Jerry ; Duval County - Robert Phillips; ESC - David ; Border, Peggy R. ; Gibbs, Doris S. ; Knight, Shirley G. ; Sanchez, Connie ; Whiddon, Holly ; Griffin, Linda ; Dees, Laura ; HAR - Jeffrey ; Hearn, Lynn C. ; Strickland, Lucretia A. ; HER - Annie ; Acevedo, Giselle ; HIL - Buddy ; Morris, Debbie Wilcox ; Holland, Gary J. ; Clem, Kay ; Williams, Inez; Stephens, Sylvia D. ; JEF - Marty ; Kennedy, Jennifer L; Durbin, Joyce A. ; Karen Krauss; Griffin, Keila F. ; Bronson, Kristi R. ; Morgan, Lana B. ; Stegall, Emogene W. ; Harrington, Sharon L. ; LEO - Ion ; Asbell, Connie ; Wood, Marcia ; MAD - Jada ; Stief, Sharon ; Matthews, Maria I. ; Sawyer, Harry L. ; Brown, Dee ; Davis, Vicki ; Cannon, Vicki P. ; Hollarn, Patricia M. ; Chandler, Gwen ; Cowles, Bill ; OSC - Connie ; OSC - Donna ; PAL - Arthur ; Palmer, Donald L.; Corley, Brian ; Taff, Peggy ; Clark, Deborah ; PIN - Ron Moore; Edwards, Lori ; Hankemeyer, Kim ; McCool, Susan C. ; Ron Labasky; Bodenstein, Ann W. ; Dent, Kathy ; Bradshaw, Sarah J. ; Browning, Kurt S. ; Ertel, Michael ; Shotwell, Nolah L. ; Davis, Jennifer K.; Halybuton, Penny ; Walker, Gertrude ; Elias, Sue E.; Krauss, Karen S. ; Williams, Glenda B. ; Lilliott, Molly H. ; Raines, Terry ; Osborne, Deborah ; McFall, Ann ; Crum, Sherida S. ; Beasley, Bobby ; Griffin, Carol F.

## Subject: Candidate Petition & Initiative Petition Checklists

Dear Supervisors:

In an attempt to provide uniform guidance regarding signature verifications on initiative and candidate petitions, we provide the following information that we recently provided to one supervisor. Also, we provide the attached candidate petition checklist for your use as you see fit. We previously provided you a checklist for use with initiative petitions – we provide it again; however, the attached version has been updated to now state that a street address must include both a number and street name based upon the guidance stated below.) Please

**Exhibit K** M //

1

ensure your staff responsible for verifying petitions are made aware of this guidance.

(1)  Street Addresses:  We are of the opinion that a street address must, at a minimum, include both a number and street name on initiative and candidate petitions.  *Black's Law Dictionary* defines "address" as a "place where mail or other communications will reach [the] person."  We do not believe that mail will normally reach a person if the house number is left off the street address in most communities or if there is a house number with no street name.  We do not believe that the absence of the street, drive, road, way, court, *etc.* after the name of the byway will normally prevent the delivery of the mail; therefore, if a person lives at 123 Apple Street, the placement of "123 Apple" on the petition will suffice, but not if the person places merely "123" or "Apple" on the street address line.  The mere listing of an apartment complex likewise will not suffice as a street address on a petition and would not permit verification of the signature on a petition.  However, if the person's voter registration address is "123 Apple Street" and he/she incorrectly places "12 Orange Ave." or "12 Orange" on the petition, then s. 99.097(3)(b), F.S., would require the SOE to treat the incorrect street address as being the voter registration address if the SOE can otherwise verify the signature. However, if the voter placed only " Orange " or "12" on the address line, the signature could not be verified because it would not be an "address" for purposes of applying the provisions of s. 99.097, F.S.

(2)  When must a person be registered to vote for signature verification purposes?: For both initiative and candidate petitions, the signer must be a registered voter in the county where the petition is submitted at the time of signing the petition and at the time of signature verification.  For initiative petitions, this is clearly stated in Rule 1S-2.0091(2)(a)1 ("Was at the time of signing and verification or the petitions, a registered voter in the county in which the petition is submitted.").  For candidate petitions, it is less clear, but the same result can be gleaned from this analysis:  Looking at the petition form, the person attests that he/she is a registered voter in "said county and state" at the time a person signs the petition.  Thus, at the time of signing, the person must be a registered voter in the county.  Additionally, the rule states, "Upon receipt of candidate petition forms .... the supervisor of elections shall verify ... to ensure that each person signing the petition form is a registered voter in the county, district, or other geographical area represented by the office sought." (*Emphasis supplied.*)  We interpret this to mean that the person must also be a registered voter at the time of the signature verification for candidate petitions.

2

Please let us know if you have any questions regarding these matters.

R/Don Palmer

Donald L. Palmer, Esq.
Director, Division of Elections
Office Phone: 850.245.6285
DOE Cell Phone: 850.294.5298
E-mail: dlpalmer@dos.state.fl.us

Attachments



Files:

 **Candidate_Petition_Checklist.doc** (28k) [Preview]

3

# CANDIDATE PETITION
## SIGNATURE VERIFICATION CHECKLIST

**I. A signature may not be verified on a Candidate Petition unless all of the following exist on the form:**

☐ The voter's name.

> (**Note**: Per s. 99.097(3)(a), Florida Statutes, a name on a petition form that is not in substantially the same form as the name on the voter registration books shall be counted as a valid signature if, after comparing the signatures on the form and in the registration books, the supervisor of elections determines that the person who signed the petition is the same person who registered to vote.)

☐ The voter's residential street address, to include the city and county.

> (**Note**: The address cannot be a business or PO Box address; however, a street address must include both a number and street name. The street address need not be the address on the voter's registration record. *See* s. 99.097(3)(b), Florida Statutes and Rule 1S-2.045(5)(d) -- if a voter lists an address other than the registration address, the supervisor of elections shall treat the address as if the voter had listed the voter's registration address. The absence of a zip code on the form will not prevent a candidate petition from being verified.)

☐ The voter's date of birth **or** voter registration number.

☐ The voter's original signature.

☐ The date the voter signed the petition, as recorded by the voter.

**II. Also, before a signature may be verified, the supervisor must ensure:**

☐ The signer was a registered voter in the county, district, or other geographical area represented by the office being sought at the time of signing and verification of the petition.

☐ The date the voter signed the petition is on or after the date the candidate filed the appointment of campaign treasurer and designation of depository unless the candidate is: (1) a federal candidate; or (2) a special district candidate who does not collect contributions and whose only expense is the signature verification fee or filing fee.

☐ The group or district designation is listed on the form if the candidate is running for an office that requires a group or district designation.

☐ The signer had not previously signed an identical candidate petition form.

4

**EFFECTIVE JULY 1, 2007**

# YOUR RIGHTS
## Under the New Petition
## Gathering Regulations

**Section 100.371(8), Florida Statutes clearly states property owners have the right to regulate petition gathering activity on their property.**

*"No provision of this code shall be deemed to prohibit a private person exercising lawful control over privately owned property, including property held open to the public for the purposes of a commercial enterprise, from excluding from such property persons seeking to engage in activity supporting or opposing initiative amendments."*

### Who Does the New Law Affect?
Previously paid petition gatherers, supporting or opposing a particular ballot initiative, claimed they could freely ask for signatures from customers without consent. Under the new law, all private property owners -- shopping malls, grocery stores and other places frequented by customers and others -- are clearly empowered to make case-by-case decisions about what is in the best interests of our employees and customers.

### What Are Our Rights Under the New Petition Gathering Regulations?
New regulations passed by the 2007 Florida Legislature and signed into law by Governor Crist provide that an owner, lessee, or other person lawfully exercising control over any private property has the discretion to permit or prohibit petition gathering activity on their property.

Now, under state law, a private property owner has no obligation to provide access to their property for petition gatherers and has the right to ask a gatherer to leave the property.

### What Should You Do if You Spot Petition Gatherers in Our Parking Lot?
Contact a member of management immediately and management will discuss the issue with the petition gatherer.

### What Should You Do if Petition Gatherers Approach You?
Contact a member of management immediately and management will discuss the issue with the petition gatherer.

### What to do if Law Enforcement Approaches You?
Under this new law our rights are clear, but please contact a member of management immediately and management will discuss the issue with the petition gatherer.



**For more information and tools on how to implement your rights under the new petition gathering regulations, please visit www.FloridaChamber.com/KnowYourRights or call 850.521.1224.**

Exhibit 15"N"

**EFFECTIVE JULY 1, 2007**

# ATTENTION:
## Petition Gatherers

# NO SOLICITING
## Per Section 100.371(8), Florida Statutes

*"No provision of this code shall be deemed to prohibit a private person exercising lawful control over privately owned property, including property held open to the public for the purposes of a commercial enterprise, from excluding from such property persons seeking to engage in activity supporting or opposing initiative amendments." Section 100.371(8), Florida Statutes.*

Previously, Florida statutes had not adequately addressed the balance of rights between property owners and petition gatherers. Fortunately, the Florida Legislature has stepped in to clarify this issue in our statutes.

On June 27, Governor Crist signed into law SB 1920, which simply says property owners have the right to regulate petition gathering activity on their property. This new law goes into effect July 1, 2007. It applies to all private property — including shopping malls, grocery stores and other places of business that are frequented by customers and others. Retailers and other property owners are now empowered to make case-by-case decisions about what is in the best interests of the employees and customers

A business is also not prohibited from allowing some petition gatherers and prohibiting others, so this law will empower a business to make case-by-case decisions about what is in the best interests of its employees, customers and the business.

Our business is taking steps to inform our employees about this new provision in statute. In addition, we have posted a notice with the text of this law in a visible area, so that petition gatherers, employees, and customers are fully aware of what is and what is not permissible on private property.

**Based on the provisions in Florida Statute 100.371(8), we reserve the right to:**

• Ask you to cease collecting signatures from our property.
• Ask you to leave our property.
• If you refuse to leave the property, we will call local law enforcement to ask for your removal.

**If you would like to talk about this new law, please call Adam Babington at 850.521.1224.**



**FLORIDA CHAMBER** *of Commerce*

**FOR MORE INFORMATION, VISIT WWW.FLORIDACHAMBER.COM/KNOWYOURRIGHTS.**

Exhibit N

**EFFECTIVE JULY 1, 2007**

# SPECIAL NOTICE:
## For Florida Law Enforcement

## New Florida Law Protects Retailers' and Others' Private Property Rights

Over the last several years, there has been an alarming rise in the number of incidents occurring on private property between initiative petition gatherers and customers or employees of businesses. Frequently, petition gatherers are paid professionals brought into Florida from other states, and have little regard for the rights of Floridians, our laws or law enforcement.

When confronted, these out-of-state petition gatherers claim their activities are somehow protected by the constitution and that they have a First Amendment right to be there. They sometimes threaten to sue the business, property owner or event law enforcement if they attempt to have the petition gatherer removed from the property.

Previously, Florida statutes had not adequately addressed the balance of rights between property owners and petition gatherers. Fortunately, the Florida Legislature has stepped in to clarify this issue in our statutes. This year, the Legislature passed and Governor Crist signed Senate Bill 1920, which simply restates the basic premise that property owners have the right to prohibit petition gathering on their property. The full text of the bill says:

> "No provision of this code shall be deemed to prohibit a private person exercising lawful control over privately owned property, including property held open to the public for the purposes of a commercial enterprise, from excluding from such property persons seeking to engage in activity supporting or opposing initiative amendments." Section 100.371(8), Florida Statutes.

This new law goes into effect July 1 and applies to all private property, including shopping malls, grocery stores, and other places of business that are frequented by the public. This bill does not affect anyone's right to collect petitions on public property, like sidewalks or parks.

A business is also not prohibited from allowing some petition gatherers and prohibiting others, so this law will empower a property owner to make case-by-case decisions about what is in the best interests of its employees, customers and the business.

Many businesses and property owners are taking steps to inform employees, customers and petitioners about this new provision in statute. In addition, we have posted a notice with the text of this law in a visible area, so that petition gatherers, employees, and customers are fully aware of what is and what is not permissible on our property.

**If you would like to talk about this new law, please call Adam Babington at 850.521.1224.**



**FOR MORE INFORMATION, VISIT WWW.FLORIDACHAMBER.COM/KNOWYOURRIGHTS.**

Exhibit  N

Subj: **Fw: Notice of Emergency Rules**
Date: 6/26/2008 10:35:16 A.M. Eastern Daylight Time
From: rossburnaman@earthlink.net
To: flhometown@yahoo.com, pjwinch@cfl.rr.com, LBlackner@aol.com
CC: Gsinawski@aol.com

FYI. What is the emergency?

-----Forwarded Message-----
>From: "Holland, Gary J." <GJHolland@dos.state.fl.us>
>Sent: Jun 26, 2008 10:10 AM
>To: ALA - Jeannene <jmironack@alachuacounty.us>, ALA - Pam <pwc@alachua.fl.us>, BAK - Nita
<vote@bakercountyfl.org>, BAY - Mark <baysuper@bayvotes.org>, BRA - Terry <bradsoe@bradford-co-fla.org>,
BRE - Hubert <bchildress@brevardelections.org>, "BRO - Dr. Snipes" <elections@browardsoe.org>, CAL -
Margie <soecalco@gtcom.net>, CHA - Mac <mac@charlottevotes.com>, CIT - Susan
<susan.gill@elections.citrus.fl.us>, CLA - Barbara <bkirkman@clayelections.com>, CLL - Jennifer
<jenniferedwards@colliergov.com>, CLL-Gary Beauchamp <GaryBeauchamp@colliergov.net>, CLM - Elizabeth
<election@votecolumbia.com>, DAD-Lester <solal@miamidade.gov>, DES - Mark <mnegley@votedesoto.com>,
"DES-K. Johnson" <kjohnson@votedesoto.com>, DES-Kelli <info@votedesoto.com>, DIX - Starlet
<dixiecountysoe@bellsouth.net>, DOE - Althera Johnson <ajohnson@dos.state.fl.us>, DOE - Amber Barrett
<anbarrett@dos.state.fl.us>, DOE - Brenda Milton <bmilton@dos.state.fl.us>, DOE - Danielle Scoggins
<dcscoggins@dos.state.fl.us>, DOE - David Drury <drdrury@dos.state.fl.us>, DOE - Donald Palmer
<dlpalmer@dos.state.fl.us>, DOE - Janet Modrow <JModrow@dos.state.fl.us>, DOE - Joyce Durbin
<jadurbin@dos.state.fl.us>, DOE - Keila Griffin <kfgriffin@dos.state.fl.us>, DOE - Mark Ard
<mard@dos.state.fl.us>, DOE - Peggy Taff <ptaff@dos.state.fl.us>, DOE - Sarah Jane Bradshaw
<sjbradshaw@dos.state.fl.us>, DOE - Sue Elias <seelias@dos.state.fl.us>, DOE - Terry Raines
<traines@dos.state.fl.us>, DOE - Toshia Brown <tbrown@dos.state.fl.us>, DOE-Inez Williams
<soejeffersonco@aol.com>, DUV - Jerry <jholland@coj.net>, DUV-Robert Phillips <Phillips@coj.net>, ESC -
David <david_stafford@co.escambia.fl.us>, FLA - Peggy <pborder@flaglerelections.com>, FRA - Doris
<dorisg@votefranklin.com>, FSASE-Ron Labasky <rlabasky@yvlaw.net>, GAD - Shirley
<info@gadsdensoe.com>, GIL - Connie <elections@gilchrist.fl.us>, GLA - Holly
<hollywhiddon@embarqmail.com>, GUL - Linda <gulfsoe@fairpoint.net>, HAM - Laura <elect@alltel.net>, HAR -
Jeffrey <hardeesoe@yahoo.com>, HEN - Lucretia <supervisor@hendryelections.org>, HER - Annie
<awilliams@hernandocounty.us>, HIG - Joe <soe@bcc.co.highlands.fl.us>, HIL - Buddy
<voter@hillsboroughcounty.org>, HOL - Debbie <debbie@holmeselections.com>, IND - Kay
<kclem@voteindianriver.com>, JAC - Sulvia <email@jacksoncountysoe.com>, JEF - Marty
<soejeffersonco@aol.com>, LAF - Lana <lafayettesoe@alltel.net>, LAK - Emogene <elections@co.lake.fl.us>,
LEE - Sharon <sharrington@leeelections.com>, LEO - Ion <lon@leoncountyfl.gov>, LEO-Harley Henn
<Henryh@leoncountyfl.gov>, LEO-Heather Conley <heatherc@leoncountyfl.gov>, LEO-Tameka Byer
<Tamekab@leoncountyfl.gov>, LEO-Thomas James <Tj@leoncountyfl.gov>, LEV - Connie
<elections@votelevy.com>, LIB - Marcia <vote@libertyelections.com>, MAD - Jada
<jwwilliams@votemadison.com>, MAN - Bob <info@votemanatee.com>, MON - Harry <hls@keys-elections.org>,
MRN - Dee <elections@votemarion.com>, MRT - Debbie Dent <debbied@martinvotes.com>, MRT - Vicki
<vdavis@martinvotes.com>, NAS - Vicki <vcannon@votenassau.com>, OGC - Charlotte Wheeler
<cawheeler@dos.state.fl.us>, OGC - Gary Holland <gjhollad@dos.stae.fl.us>, OGC - Lynn Hearn
<lchearn@dos.state.fl.us>, OGC - Maria Matthews <mimatthews@dos.state.fl.us>, OGC - Nolah Shotwell
<nlshotwell@dos.state.fl.us>, OKA - Patricia <phollarn@co.okaloosa.fl.us>, OKA-Pual Lux
<Plux@co.okaloosa.fl.us>, OKE - Gwen <gwen@voteokeechobee.com>, ORA - Bill <bill@ocfelections.com>,
OSC - Connie <Conn@osceola.org>, OSC-Donna <osc_soe@osceola.org>, PAL - Arthur
<mailbox@pbcelections.com>, PAS - Brian <bcorley@pascovotes.com>, PIN - Deborah
<dclark@votepinellas.com>, PIN - Ron Moore <rmoore@votepinellas.com>, POL - Barbara
<barbaraosthoff@polkelections.com>, POL - Lori <loriedwards@polkelections.com>, PUT - Susan
<mccool@putnam-fl.com>, PUT-Karen Hankemeyer <kmh@putnam-fl.com>, SAN - Ann <soe-
bodenstein@co.santa-rosa.fl.us>, SAR - Kathy <kdent@srqelections.com>, SEM - Mike
<ertel@votseminole.org>, SOS - Amy Woodward <awoodward@dos.state.fl.us>, SOS - Dawn Roberts
<dkroberts@dos.state.fl.us>, SOS - Jennifer Davis <jkdavis@dos.state.fl.us>, SOS - Jennifer Kennedy
<jlkennedy@dos.state.fl.us>, SOS - Secretary Browning <ksbrowning@dos.state.fl.us>, SOS - Shelby Bishop
<slbishop@dos.state.fl.us>, STJ - Penny <pennyh@sjcvotes.us>, STL - Gertrude <elections@slcelections.com>,
SUM - Karen <sumterelections@hotmail.com>, SUM - Karen <kkrauss@sumterelections.org>, SUW - Glenda
<gwilliams@suwanneevotes.com>, TAY - Molly <taylorelections@gtcom.net>, UNI - Debbie

*Exhibit "O"*

Wednesday, July 02, 2008 AOL: LBlackner

<unionsoe@circuit8.org>, VOL - Ann <amcfall@co.volusia.fl.us>, WAK - Sherida <scrum@wakullaelection.com>, WAL - Bobby <bbeasley@co.walton.fl.us>, WAS - Carol <washcovotes@vol.com>, "ACLU Law Firm-J. Traynham" <jtraynham@nettally.com>, ACORN-Poloplegal <poloplegal@acorn.org>, ACORN-Project Vote-Laura Goodhue <flacornmw@acorn.org>, ADA Consultants of NE Fla-Chip Wilson <adanefla@yahoo.com>, "Advocacy Center-B. M. Shalinsky" <barrys@advocacycenter.org>, "Advocacy Consortium for the Comm-Misty Penton" <advocacyconsortium@yahoo.com>, AFSCME-Mark Neimeiser <neimeiserm@aol.com>, AIF-Jose Gonzalez <Jgonzalez@aif.com>, Alec Yasinsac <yasinsac@cs.fsu.edu>, Attorney General's Office-George Waas <George_Waas@oag.state.fl.us>, Bill Bucolo <bbuc@mac.com>, Bob Hurt <Bob@bobhurt.com>, Charles Smith <Cwssystems@wfeca.net>, "Craft, Paul" <craft@fcmconsulting.com>, David Bitner - Bitner & Assn <dave@bitnerandassociates.com>, Demo CGIS Mgr-Nicholas Martinez <martinen@leoncountyfl.gov>, "Design for Democracy-Elizabeth (Dori) Tunstall" <etunst@uic.edu>, "Ellen H. Brodsky" <ehbrod@yahoo.com>, ES&S - Steve Bolton <SMBolton@essvote.com>, ES&S - Tim Hallet <tjhallett@essvote.com>, ES&S Voting System Vendor-Steve Pearson <smpearson@essvote.com>, Florida Chamber of Commerce-Adam Babington <ababington@flchamber.com>, Florida Chamber of Commerce-David Daniel <ddaniel@flchamber.com>, Florida CIO-Cynthia Hall <chall@flaficio.org>, "Florida CIO-D. Fowler" <dfowler@flaficio.org>, "Florida Consumer Action Network-Anita L. Davis" <anitald@earthlink.net>, Florida Democratic-Senate Minority Office Renai Farmer <Farmer.Renai@flsenate.gov>, Florida Fair Elections-Anita Lapidus <Anitalapidus@yahoo.com>, Florida Fair Elections-Susan Pynchon <Susanpynchon@yahoo.com>, "Florida House - Rep. Dorothy Hukill" <Dorothy.hukill@myfloridahouse.gov>, Florida House E & E-Bucky Mitchell <Bucky.Mitchell@myfloridahouse.gov>, Florida House-Bob West <Bob.West@myfloridahouse.gov>, Florida League of Cities-Barbara Solis <bsolis@flcities.com>, Florida PIRG-Brad Ashwell <brad@floridapirg.org>, Florida PIRG-Brad Ashwell <info@floridapirg.org>, Florida Republican-Senate Majority Office-Bill Warren <Warren.Bill@flsenate.gov>, Florida Senate - John Guthrie <Guthrie.John@flsenate.gov>, Florida Senate Democratic Office - Julia Fishma <Fishman.julie@flsenate.gov>, Florida Senate-Wayne Rubinas <Rubinas.Wayne@flsenate.gov>, Governor's Office-Erik Figlio <Rick.Figlio@myflorida.com>, "Holdo L. Hellman" <legolastrue@netscape.net>, JAPC-Susan Stafford <stafford.susan@leg.state.fl.us>, Kramer Levin Naftalis & Frankel LLP-Sandra Wong <swong@kramerlevin.com>, "Law Firm - R. Benham" <RBenham@benhamhardee.com>, "Law Firm-C. Lichtman" <Clichtman@bergersingerman.com>, Law Firm-Messer Caparello-M Herron <mherron@lawfla.com>, Law Firm-Ross Burnaman <rossburnaman@earthlink.net>, League of Women Voters of Tallahassee-Janet Finding <janetfindling@comcast.net>, League of Women Voters/Election Reform - Karen Burns <kburns1@tampabay.rr.com>, League of Women Voters-Florida Jeanne Zokovitch <Jeanne@wildlaw.org>, League of Women Voters-Marilyn Wills <marilynnwills@msn.com>, Liza McClenaghan <lizamac@comcast.net>, "McGregor, Kate" <mcgregor@fcmconsulting.com>, MDERC-Sandy Wayland <swayland@mindspring.com>, "Miami-Dade County Elections Coalition-M. Mahoney" <mmahoney@law.miami.edu>, Miami-Dade-Penny Townsley <coop2@miamidade.gov>, Neville McJunkin <nevillem2@gmail.com>, Office/Governor - Jim Rimes <jim.rimes@eog.myflorida.com>, Pamela Haengel - Voting Integrity Alliance of Tampa Bay <GemzzToo@aol.com>, Penny Young <youngpenfl@aol.com>, "People for the American Way-Reginald J. Mitchell" <rmitchell@pfaw.org>, Premier Voting System Vendor-Don Vopalensty <Don@dieboldes.com>, Sarah Harris <sharris13@tampabay.rr.com>, Sequoia Elections Sys-Tom Goodell <TGoodell@srqelections.com>, Sequoia Voting System Vendor-Veronica Spencer <vspencer@sequoiavote.com>, SOSStrategy - Steve Madden <Madden@sostrategy.com>, Steve Whitaker <bridgadoc@aol.com>, Stiles Law Firm-Annemarie Craft <acraft@stileslawfirm.com>, "UCF-J.T. Shim" <jtshim@bus.ucf.edu>, "Vendor-Voting System-Mark Earley (Premier)" <Mark.Earley@premierelections.com>, Voter Action - Dan McCrea <mccrea@bellsouth.net>, Voter Reg Sys Vendor-Alka Gupta-Polk County <alka.gupta@tenexsolutions.com>, Voter Reg Sys Vendor-Fred Schmidt <fschmidt@vrsystems.com>, Voter Reg Sys Vendor-Jane Watson <jwatson@vrsystems.com>, Voter Reg Sys Vendor-Jon Winenester <Jon@logicworks.cc>, Voter Reg Sys Vendor-Lonn Fluke-Orange County <lonn@ocfelections.com>, Voter Reg Sys Vendor-Mindy Perkins <mperkins@vrsystems.org>, Wayne Malaney <FLLOBBYIST@aol.com>, Wilbertine Philpol <wilbertinep@aol.com>
>Subject: Notice of Emergency Rules
>
>Dear Supervisors and Interested Persons:
>
>
>
>Attached are two emergency rules, 1SER08-2(1S-2.0091) and
>1SER08-3(1S-2.0095), that are effective on July 1, 2008. They concern
>the initiative petition and revocation process. Incorporated within
>1SER08-3 is a new form, DS-DE 19R-SF, for use by voters who desire to
>revoke their signatures on an initiative petition when there is no
>sponsoring revocation political committee. The rules result from the

>enactment of Senate Bill 866 (now codified in Ch 2008-95, Laws of
>Florida).  The rules will be published on June 27, 2008 in the Florida
>Administrative Weekly and will be posted on the Division of Elections'
>website (
>http://election.dos.state.fl.us/laws/EmergencyRules/emergencyRules.shtm)
>on or before July 1st.
>
>
>
>The non-emergency rulemaking process for Rules 1S-2.0091 and 1S-2.0095
>is also underway and will be ongoing while the emergency rules are in
>effect.  The Notice of Rule Development for the rules will be published
>in the Florida Administrative Weekly on July 3, 2008, and the notices
>will be posted on the Division's website (
>http://election.dos.state.fl.us/laws/ProposedRules/ProposedRules.shtml)
>on or before July 3rd.
>
>
>
>You may contact me if you have any questions regarding these rules.
>
>Sincerely,
>
>
>
>
>Gary J. Holland
>
>Assistant General Counsel
>
>Florida Department of State
>
>R.A. Gray Building, 500 S. Bronough Street
>
>Tallahassee, FL 32399-0250
>
>Phone:  850-245-6536
>
>Fax:  850-245-6127
>
>
>
>Note:  Also, Florida has a very broad public records law.  Written
>communications to or from state officials regarding state business
>constitute public records and are available to the public and media upon
>request unless the information is subject to a specific statutory
>exemption.  Therefore, this email and any that you sent that generated
>this response may be subject to public disclosure.
>
>
>Please take a few minutes to provide feedback on the quality of service you received from our staff. The Florida
Department of State values your feedback as a customer. Kurt Browning, Florida's Secretary of State, is
committed to continuously assessing and improving the level and quality of services provided to you. Simply click
on the link to the "DOS Customer Satisfaction Survey." Thank you in advance for your participation.
>
>DOS Customer Satisfaction Survey: http://survey.dos.state.fl.us/index.aspx?email=GJHolland@dos.state.fl.us

Wednesday, July 02, 2008 AOL: LBlackner

Notice of Emergency Rule

**DEPARTMENT OF STATE**
**Division of Elections**
RULE NO: RULE TITLE

1SER08-2: Constitutional Amendment Initiative Petition; Submission Deadline: Signature Verification

SPECIFIC REASONS FOR FINDING AN IMMEDIATE DANGER TO THE PUBLIC HEALTH, SAFETY OR WELFARE: Pursuant to Section 120.54(4)(b), Florida Statutes, this emergency rule pertains to the public health, safety, and welfare as it involves the interpretation and implementation of the requirements of Chapters 97-102 and 105 of the Florida Election Code.

During the 2008 Legislative session, Senate Bill 866 was enacted and signed into law by the Governor. Effective July 1, 2008, the new law deleted the requirement for supervisors of elections to record verified signatures on initiative petition in the statewide voter registration system. Instead, the law requires the supervisors of elections to record initiative petition data in a manner prescribed by the Secretary of State.

The statewide voter registration system was designed for recording voter registrations, not signatures on initiative petitions. In the past, discrepancies have existed in the numbers of signatures being verified in the statewide voter registration system for initiative petitions. These discrepancies seriously undermined the reliability of the number of signatures recorded in the statewide voter registration system. The Secretary of State lacks confidence in the accuracy of signature verification numbers reported in the statewide voter registration system. The Secretary of State believes paper certifications from the county supervisors of elections reflect the most accurate accounting of verified signatures; therefore, this emergency rule requires the supervisors of elections to submit paper certifications to the Division of Elections. The verification process instituted by this emergency rule is very similar to the process that existed in rule prior to January 2007, which was the date that the Legislature initially mandated that the verified signatures be recorded in the statewide voter registration system.

The Emergency Rule is necessary to bring the existing rule in compliance with the new requirements of Section 100.371, Florida Statutes, as amended by Senate Bill 866. There is insufficient time to amend Rule 1S-2.0091 through the normal rulemaking process prior to the law's July 1st deadline. Procedures must be in place on July 1st that will provide the supervisors of elections guidance for the proper recording and reporting of signature verifications on initiative petitions. This emergency rule is necessary to make the certification on initiative petitions proposing constitutional amendments comply with the amended statute. The rule helps to ensure and maintain the efficiency, integrity, and public confidence in the initiative process. Absent this emergency rule, there will be an adverse effect on the conduct of elections and the initiative process in the State of Florida. Based on the foregoing, the Department of State finds that the adoption of this rule is necessary to prevent an immediate danger to the public health, safety and welfare.

REASON FOR CONCLUDING THAT THE PROCEDURE IS FAIR UNDER THE CIRCUMSTANCES: The Division of Elections is aware of the rulemaking procedures prescribed by Section 120.54, Florida Statutes. That process requires advance notice to the general public of intended rules and the opportunity to submit comments on the intended rule, prior to the agency's adoption of the rule. The time period for general rulemaking takes at least 60 days and the July 1, 2008 effective date of the amended statute will prevent the timely amendment and adoption of a rule needed to amend the method used by the supervisors of elections and the Secretary of State to record and verify the signatures on constitutional amendment initiative petitions. This emergency rule will permit the Secretary of State to make the most accurate determination whether the requisite number of signatures has been obtained. This emergency rule incorporates newly enacted amendments to Section 100.371, Florida Statutes, and represents a return to the way in which the Secretary of State determined by rule prior to January 2007 if the requisite number of

signatures on initiatives has been obtained for ballot position. The Department of State will undergo the normal rulemaking process for this rule in the near future.

SUMMARY: Based upon statutory amendments, this emergency rule removes the requirement that the determination of the constitutionally requisite number of signatures verified by the supervisors of elections with respect to constitutional initiative petitions be based upon the number of verified signatures recorded in the statewide voter registration system. The emergency rule establishes procedures for supervisors of elections to record and submit paper certifications of verified signatures on initiative petitions.

THE PERSON TO BE CONTACTED REGARDING THE EMERGENCY RULE IS: Gary J. Holland, Assistant General Counsel, Division of Elections, Department of State, R. A. Gray Building, 500 S. Bronough Street, Tallahassee, Florida 32399, (850)245-6536

THE FULL TEXT OF THE EMERGENCY RULE IS:

1SER08-2 (1S-2.0091) Constitutional Amendment Initiative Petition; Submission Deadline; Signature Verification.

(1) Submission. Signed initiative petition forms proposing amendments to the Florida Constitution shall be submitted solely by the sponsoring political committee to the Supervisor of Elections in the county in which the petition forms were circulated. It is the responsibility of the sponsoring political committee to ensure that the signed petition form is properly filed with, or if misfiled forwarded to, the Supervisor of Elections of the county in which the signee is a registered voter. In the case of a misfiled petition, the filing date of the petition is the date such petition is filed with the proper county.

(2) Signature Verification.

(a) In accordance with the signature verification fee provisions in Section 99.097(4), F.S., the Supervisor of Elections shall verify the signatures on each initiative petition form within 30 days of receipt of the form to ensure that each person signing the petition form:

1. Was, at the time of signing and verification of the petitions, a registered voter in the county in which the petition is submitted,

2. Had not previously revoked his or her signature on the petition,

3. Had not signed the petition form more than four years prior to the date the Supervisor verified the petition, and

4. Had not ever previously signed a petition form containing the identical initiative.

(b) The Supervisor shall not verify a signature on an initiative petition form unless all of the following information is contained on the petition form:

1. The voter's name,

2. The voter's residential street address (including city and county),

3. The voter's date of birth or voter registration number,

4. The voter's original signature, and

5. The date the voter signed the petition, as recorded by the voter.

(3) Random Sampling Not Permitted. Supervisors of Elections may not use random sampling as a method for verifying signatures on constitutional amendment initiative petitions.

(4) Recordation of Verification. No later than 24 hours after verification of signatures on submitted initiative petition forms, the Supervisor of Elections shall directly record into the statewide voter registration system each valid and verified signature. The appropriate supervisor of elections for each respective voter whose signature is

verified as valid shall record the date the form was received, the date of the signature, the date the signature was verified, and the assigned serial number for the applicable initiative petition. Upon completion of the verifications as set forth in subsection (2), the Supervisors of Elections shall promptly submit to the Division of Elections a certificate indicating the total number of signatures verified and the distribution by congressional district. The Division will provide appropriate forms to the Supervisors of Elections to be used for transmission of the required information. In conjunction with each certificate submitted, each Supervisor shall submit a copy of one petition showing the text of the constitutional amendment to which the verified signatures relate. Certificates may be submitted by the Supervisor via facsimile in order to meet the filing deadline, followed by the original certificates sent by mail.

(5)(a) Filing Deadline. ~~Determination of Constitutionally Requisite Number of Signatures. The Division shall determine from the verified petition signatures recorded in the statewide voter registration system whether the constitutionally requisite number of verified signatures has been obtained with respect to each constitutional amendment for each congressional district and the State as a whole.~~ In order for the initiative petition to be timely filed for appearance on the ballot for the next general election, the constitutionally requisite number of verified signatures must be verified and reported to the Division ~~recorded in the statewide voter registration system~~ no later than 5:00 p.m. on February 1 of the year in which the general election is held.

(b) Effect of Revocation Petition. Prior to any determination that the constitutionally requisite number of signatures has been obtained for purposes of placing an amendment by initiative on the ballot, the Division shall determine in accordance with Rule 1S-2.0095, F.A.C., the number of verified petition revocations reported to the Division ~~recorded~~ no later than 5:00 p.m. on February 1 of the same year. The Division shall then deduct that number from the number of verified signatures reported ~~recorded~~ for the underlying applicable constitutional initiative amendment. Upon a determination that the constitutionally requisite number of signatures has been obtained, the Secretary of State shall issue a certificate of ballot position in accordance with Section 100.371, F.S., to the appropriate sponsoring political committee and assign a designating ballot number.

~~(c) For any constitutional amendment by initiative that obtained a certification of ballot position prior to the effective date of this rule, a determination shall be made whether the number of verified signatures for petition revocations recorded as of 5:00 p.m. on February 1 of the year in which the next general election is held is sufficient to reduce the number of verified signatures for the underlying initiative amendment below the constitutionally required number of signatures obtained for ballot placement. If the number of recorded verified petition revocations is sufficient, then the initiative amendment is removed or stricken from the ballot in accordance with subsection 1S-2.0011(3), F.A.C.~~

(6)(5) Limitation on Use of Verified Signatures. Verified signatures used successfully to place a proposed amendment by initiative on the ballot that subsequently fails to be approved by the electors at the general election shall not be used again in support of any future initiative petition.

(7) Effective date. The effective date of this emergency rule is July 1, 2008.

Specific Authority 20.10(3), 97.012(1), 100.371(7) FS. Law Implemented 100.371 FS. History–New 1-6-80, Amended 12-20-83, Formerly 1C-7.091, 1C-7.0091, Amended 2-13-90, 3-5-96, 1-5-04, 3-16-06, 10-15-07, 7-1-08.

THIS RULE TAKES EFFECT UPON BEING FILED WITH THE DEPARTMENT OF STATE UNLESS A LATER TIME AND DATE IS SPECIFIED IN THE RULE.

EFFECTIVE DATE: July 1, 2008

Notice of Emergency Rule

**DEPARTMENT OF STATE**
**Division of Elections**
RULE NO: RULE TITLE

1SER08-3: Constitutional Amendment Initiative Petition Revocation; Petition Approval; Submission Deadline; Signature Verification

SPECIFIC REASONS FOR FINDING AN IMMEDIATE DANGER TO THE PUBLIC HEALTH, SAFETY OR WELFARE: Pursuant to Section 120.54(4)(b), Florida Statutes, this emergency rule is a rule pertaining to the public health, safety, and welfare as it involves the interpretation and implementation of the requirements of Chapters 97-102 and 105 of the Florida Election Code.

During the 2008 Legislative session, Senate Bill 866 was enacted and signed into law by the Governor. Effective July 1, 2008, the new law deleted the requirement for supervisors of elections to record verified signatures on initiative revocation petitions in the statewide voter registration system. Instead, the law requires the supervisors of elections to record initiative petition revocation data in a manner prescribed by the Secretary of State. The law also directs that electors be able to use a standard petition-revocation form adopted by the Division of Elections when no revocation form has been submitted and approved for revoking a signature on an underlying initiative petition. The statewide voter registration system was designed for recording voter registrations, not signatures on initiative petitions. In the past, discrepancies have existed in the numbers of signatures being verified in the statewide voter registration system for initiative petitions. These discrepancies seriously undermined the integrity, accuracy, and reliability of the signatures recorded in the statewide voter registration system. The Secretary of State lacks confidence in the accuracy of signature verification numbers reported in the statewide voter registration system. The Secretary of State believes paper certifications from the county supervisors of elections reflect the most accurate accounting of verified signatures; therefore, this emergency rule requires the supervisors of elections to submit paper certifications of verified signatures on revocation petitions to the Division of Elections. Although revocation petition signature verifications did not come into existence until August 1, 2007, the verification process instituted by this emergency rule is very similar to the process that existed in rule prior to January 2007 and the system which currently is being reinstituted for initiative petitions.

The Emergency Rule is necessary to bring the existing rule in compliance with the new requirements of Section 100.371, Florida Statutes, as amended by Senate Bill 866. There is insufficient time to amend Rule 1S-2.0095, F.A.C., through the normal rulemaking process prior to the law's July 1st deadline. Procedures must be in place on July 1st that will provide electors the ability to use a standard petition-revocation form and that will provide the supervisors of elections guidance for the proper recording and reporting of signature verifications on initiative revocation petitions. This emergency rule is also necessary to make the certification on initiative revocation petitions proposing constitutional amendments comply with the amended statute. The rule helps to ensure and maintain the efficiency, integrity, and public confidence in the initiative process. Absent this emergency rule, there will be an adverse effect on the conduct of elections and the initiative process in the State of Florida. Based on the foregoing, the Department of State finds that the adoption of this rule is necessary to prevent an immediate danger to the public health, safety and welfare.

REASON FOR CONCLUDING THAT THE PROCEDURE IS FAIR UNDER THE CIRCUMSTANCES: Pursuant to Section 120.54(4)(b), Florida Statutes, this emergency rule is a rule pertaining to the public health, safety, and welfare as it involves the interpretation and implementation of the requirements of Chapters 97-102 and 105 of the Florida Election Code.

During the 2008 Legislative session, Senate Bill 866 was enacted and signed into law by the Governor. Effective

July 1, 2008, the new law deleted the requirement for supervisors of elections to record verified signatures on initiative revocation petitions in the statewide voter registration system. Instead, the law requires the supervisors of elections to record initiative petition revocation data in a manner prescribed by the Secretary of State. The law also directs that electors be able to use a standard petition-revocation form adopted by the Division of Elections when no revocation form has been submitted and approved for revoking a signature on an underlying initiative petition. The statewide voter registration system was designed for recording voter registrations, not signatures on initiative petitions. In the past, discrepancies have existed in the numbers of signatures being verified in the statewide voter registration system for initiative petitions. These discrepancies seriously undermined the reliability of the number of signatures recorded in the statewide voter registration system. The Secretary of State lacks confidence in the accuracy of signature verification numbers reported in the statewide voter registration system. The Secretary of State believes paper certifications from the county supervisors of elections reflect the most accurate accounting of verified signatures; therefore, this emergency rule requires the supervisors of elections to submit paper certifications of verified signatures on revocation petitions to the Division of Elections. Although revocation petition signature verifications did not come into existence until August 1, 2007, the verification process instituted by this emergency rule is very similar to the process that existed in rule prior to January 2007 and the system which currently is being reinstituted for initiative petitions.

The Emergency Rule is necessary to bring the existing rule in compliance with the new requirements of Section 100.371, Florida Statutes, as amended by Senate Bill 866. There is insufficient time to amend Rule 1S-2.0095, F.A.C., through the normal rulemaking process prior to the law's July 1st deadline. Procedures must be in place on July 1st that will provide electors the ability to use a standard petition-revocation form and that will provide the supervisors of elections guidance for the proper recording and reporting of signature verifications on initiative revocation petitions. This emergency rule is also necessary to make the certification on initiative revocation petitions proposing constitutional amendments comply with the amended statute. The rule helps to ensure and maintain the efficiency, integrity, and public confidence in the initiative process. Absent this emergency rule, there will be an adverse effect on the conduct of elections and the initiative process in the State of Florida. Based on the foregoing, the Department of State finds that the adoption of this rule is necessary to prevent an immediate danger to the public health, safety and welfare.

SUMMARY: Based upon statutory amendments, this emergency rule removes the requirement that the determination of signatures verified by the supervisors of elections with respect to initiative revocation petitions be based upon the number of verified signatures recorded in the statewide voter registration system. The emergency rule establishes procedures for supervisors of elections to record and submit paper certifications of verified signatures on initiative revocation petitions. The emergency rule also incorporates by reference and prescribes procedures regarding a statutorily mandated standard revocation form for use by electors when no political committee has submitted and obtained approval of a revocation form for an initiative petition.

THE PERSON TO BE CONTACTED REGARDING THE EMERGENCY RULE IS: Gary J. Holland, Assistant General Counsel, Division of Elections, Department of State, R. A. Gray Building, 500 S. Bronough Street, Tallahassee, Florida 32399, (850)245-6536

THE FULL TEXT OF THE EMERGENCY RULE IS:

1SER08-3 (1S-2.0095) Constitutional Amendment Initiative Petition Revocation; Petition Approval; Submission Deadline; Signature Verification.

(1) Submission of Petition Revocation Form. Prior to circulation of a petition revocation form, any person or group sponsoring the revocation effort must register as a political committee pursuant to Chapter 106, F.S., and must obtain approval of the petition revocation form from the Division of Elections. Submissions shall be in writing and shall include a copy or a facsimile of the proposed form to be circulated. No petition revocation form may be circulated unless approved by the Division of Elections.

(2) Requirements and Approval of Petition Revocation Form. The Division shall review the petition revocation form submitted by the sponsoring political committee solely for sufficiency of the format and shall render a decision within seven (7) days following receipt. The format of the petition revocation form is deemed sufficient only if the form:

(a) Is printed on separate cards or individual sheets of paper. The minimum size of such forms shall be 3 inches by 5 inches and the maximum shall be 8 1/2 inches by 11 inches.

(b) Is clearly and conspicuously entitled at the top of the form "Petition Revocation Form."

(c) Includes adequate space for the voter's: name; residential street address, city, and county at the time of signing the initiative petition for which the signature is being revoked; voter registration number; date of birth; signature; and date of signature.

(d) Contains the ballot title and ballot summary of the proposed amendment in the initiative petition for which the signature is being revoked.

(e) Conspicuously contains the full text of the amendment for which the signature is being revoked, as indicated in the initiative petition as approved in Rule 1S-2.009, F.A.C. If the text must be printed on both sides of the form, it shall be clearly indicated that the text is continued or begins on the other side.

(f) Contains space for only one voter's signature, to be located below the full text of the amendment for which the signature is being revoked.

(g) Contains instructions below the signature of the voter that provide:

1. The Supervisor of Elections may not accept the petition revocation form directly from the voter;

2. The voter shall return the form to the political committee sponsoring the revocation petition; and

3. The contact information for the political committee sponsoring the revocation petition, which at a minimum, shall include its name and mailing address.

(h) Is marked, in accordance with Section 106.143, F.S., with the appropriate disclaimer which identifies the name of the political committee sponsoring the revocation effort and the name of the entity paying for the petition, if different from the name of the committee sponsoring the revocation effort.

(i) Contains space for the name and address of a paid petition circulator in the event the petition revocation form is gathered by a paid petition circulator.

(3) Format of Petition Revocation Form.

1. The format of the initiative petition revocation form sponsored by a political committee and submitted for review and approval by the Division of Elections shall be substantially in accordance with Form DS-DE 19R (eff. 8/1/07), entitled "Petition Revocation Form." Form DS-DE 19R is hereby incorporated by reference and is available from the Division of Elections, Room 316, R. A. Gray Building, 500 South Bronough Street, Tallahassee, Florida 32399-0250; (850)245-6500; or by download from the Division of Elections' webpage at http://election.dos.state.fl.us.

2. Any voter desiring to revoke his or her signature on an initiative petition when a political committee has not submitted and obtained approval of a petition-revocation form for the petition, shall use Form DS-DE 19R-SF (eff. 7/1/08), entitled "Petition Revocation Standard Form." Form DS-DE 19R-SF is hereby incorporated by reference and is available from the Division of Elections, Room 316, R. A. Gray Building, 500 South Bronough Street,

Tallahassee, Florida 32399-0250; (850)245-6500; by download from the Division of Elections' webpage at http://election.dos.state.fl.us.

(4) Additional Information or Materials. Other than providing information or a method by which the petition revocation form may be returned by mail to the political committee, no additional information or materials that relate to the initiative petition or the petition revocation shall be printed directly on the form.

(5) Assignment of a Serial Number. The Division shall assign a serial number to each approved petition revocation form sponsored by a political committee. The number shall be the serial number of the initiative petition form followed by an "R". For example, the serial number of the petition-revocation form on petition 06-1 would be 06-1R. The serial number assigned must be printed in the lower right hand corner of the petition revocation form.

(6) Bundling. No petition revocation form circulated for signature may be bundled with or attached to any other petition form or petition-revocation form.

(7) Reproduction.

(a) Petition-Revocation Forms Sponsored by a Political Committee. Blank pPetition-revocation forms sponsored by a political committee may be reproduced in newspapers, magazines, other forms of printed mass media or made available via the Internet for download or printing, provided such forms are reproduced in the same format as approved by the Division. The blank petition revocation form may be included within a larger advertisement, provided the forms are clearly defined by a solid or broken line border.

(b) Form DS-DE 19R-SF. Reproduction of a blank Forms DS-DE 19R-SF may be reproduced by downloading from the Internet or photocopying another blank form, provided such forms are reproduced in the same format as produced by the Division. Only an employee of the Division of Elections or a Supervisor of Elections' office, the voter who intends to sign the form, or someone at the voter's request may download or provide the voter with a copy of Form DS-DE-19R-SF for submission to a Supervisor of Elections.

(8) Submission of Signed Petition Revocation Forms. All signed petition revocation forms, except for those properly submitted on Form DS-DE 19R-SF, shall be returned to the political committee sponsoring the revocation effort. Only the political committee sponsoring the revocation effort shall submit the signed petition revocation forms to the Supervisors of Elections for verification of signatures. When there is no sponsoring political committee, a voter shall submit the Form DS-DE 19R-SF directly to the Supervisor of Elections' office in person, through a person acting on the voter's behalf, or by mail, along with the signature verification fee required by Section 99.097(4), F.S. It is the responsibility of the political committee sponsoring the revocation effort to ensure that the signed petition revocation form is properly filed with, or if misfiled forwarded to, the supervisor of elections of the county in which the signee was a registered voter at the time of signing the underlying original initiative petition. In the case of a misfiled petition revocation form, the filing date of the petition revocation form is the date such petition is filed with the proper county.

(9) Signature Verification.

(a) In accordance with the signature verification fee provisions in Section 99.097(4), F.S., the Supervisor of Elections shall verify the signatures on each petition revocation form within 30 days of receipt of the form and shall confirm that:

1. The underlying original initiative petition on which the signature is being revoked was verified;

2. The date the petition revocation form was signed by the voter is not more than 150 days from the date the underlying original initiative petition was signed; and

3. The voter is a registered voter in Florida at the time of verifying the signature on the petition revocation form.

(b) The Supervisor shall not verify a signature on a petition revocation form unless all of the following information is contained on the petition revocation form:

1. The voter's name;

2. The voter's residential street address (including city and county) that was recorded on the underlying original petition on which the voter desires to revoke his or her signature;

3. The voter's date of birth or voter registration number;

4. The voter's original signature; and

5. The date the voter signed the petition revocation form, as recorded by the voter.

(10) Recordation of Verification. No later than 24 hours after verification of signatures on submitted petition revocation forms, the Supervisor of Elections shall record each valid and verified signature in the statewide voter registration system. The appropriate supervisor of elections for each respective voter whose signature is verified as valid shall record the date the petition revocation form was received, the date of signature, the date the signature was verified, and the assigned serial number for the applicable revocation petition. Upon completion of the verifications as set forth in subsection (9), the Supervisors of Elections shall submit to the Division of Elections a certificate indicating the number of verified revocations and the distribution by congressional district. The Division will provide appropriate forms to the Supervisors of Elections to be used for transmission of the required information. In conjunction with each certificate submitted, each Supervisor shall submit a copy of one revocation form to which the verified signatures relate. Certificates may be submitted by the Supervisor via facsimile in order to meet the deadline, followed by the original certificates sent by mail.

(11) Filing Deadline. In order for a petition revocation form to count against the number of signatures recorded as verified for the underlying original initiative petition for the next general election, the signed petition revocation must be verified and received by Division of Elections entered into the statewide voter registration system no later than 5:00 p.m. of February 1 preceding the next general election in which the initiative amendment is certified for ballot position.

(12) Availability of Forms. The sponsoring political committee for the petition revocation effort shall provide each supervisor of elections with petition revocation forms for distribution at the main and branch offices of the supervisor of elections.

(13) Irrevocable Effect of Revocation. A voter may sign only one petition revocation form for the underlying original petition. In accordance with Section 104.185, F.S., when a voter signs a petition revocation form, the voter may not again sign the initiative petition on which the voter is seeking to revoke his or her signature.

(14) Effective date. The effective date of this emergency rule is July 1, 2008. Applicability. Revocation of a voter's signature on an initiative petition may occur only on or after August 1, 2007 for a petition revocation form filed with the supervisor of elections not more than 150 days from the date the voter signed the underlying original initiative petition.

Specific Authority 20.10(3), 97.012, 100.371(7), 101.161 FS. Law Implemented Art. XI, Fla. Const., 100.371, 101.161 FS. History–New 10-15-07, Amended 7-1-08.

THIS RULE TAKES EFFECT UPON BEING FILED WITH THE DEPARTMENT OF STATE UNLESS A LATER TIME AND DATE IS SPECIFIED IN THE RULE.

EFFECTIVE DATE: July 1, 2008

# PETITION REVOCATION STANDARD FORM

*(FOR USE ONLY WHEN A REVOCATION FORM HAS NOT BEEN APPROVED FOR THE UNDERLYING INITIATIVE PETITION)*

*Note:*

- *All information on this form, including your signature, becomes a public record upon receipt by the Supervisor of Elections.*
- *Under Florida law, it is a first degree misdemeanor, punishable as provided in s. 775.082 or s. 775.083, Florida Statutes, to knowingly sign more than one petition for a candidate, a minor political party, or an issue. [Section 104.185, Florida Statutes]*
- *If all requested information on this form is not completed, the form will not be valid.*

Your name: _____

Please Print Name as it appears on your Voter Information Card

Your residential street address, city, zip code, and county (as written on the initiative petition that you signed and now want to revoke):

_____

City _____ Zip _____ County _____

Voter Registration Number _____ or Date of Birth ____/____/_____
(MO/DY/YEAR)

I am a registered voter of Florida and hereby petition that my signature on the constitutional initiative petition form, serial number: _____ that I previously signed be revoked.        (Insert Serial Number of Petition)

_____          _____
DATE OF SIGNATURE          SIGNATURE OF REGISTERED VOTER

**NOTE:** This form must be returned to the Supervisor of Elections in the county where you were a registered voter at the time of signing the underlying initiative petition. The supervisor is entitled to charge you 10¢ to verify your signature on this form.

For Official Use Only

DS-DE 19R-SF (eff. 7/1/2008)