# SENATE STAFF ANALYSIS AND ECONOMIC IMPACT STATEMENT

(This document is based on the provisions contained in the legislation as of the latest date listed below.)

BILL:      SJR 2394

SPONSOR:   Senators Atwater and Smith

SUBJECT:   Constitutional Amendments and Revisions; Timing of Initiative Petition Filings/Judicial
           Review

DATE:      March 9, 2004      REVISED:    03/12/04

| | ANALYST | STAFF DIRECTOR | REFERENCE | ACTION |
|---|---|---|---|---|
| 1. | Fox | Rubinas | EE | Fav/1 amendment |
| 2. | Matthews | Lang | JU | Favorable |
| 3. | | | RC | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |

## I.    Summary:

Senate Joint Resolution 2394 moves the deadline for the Secretary of State to receive certified
initiative petition signatures from the supervisors of elections from 91 days before the general
election to February 1 of each general election year, in order for the initiative to be placed on the
ballot at the November general election.

The joint resolution also establishes a date certain by which the Florida Supreme Court must
render its written opinion on an initiative petition's validity --- April 1 of each general election
year. Currently, the Court is required to render its decision "expeditiously."

If approved by the voters, the joint resolution will take effect on January 4, 2005.

The joint resolution embodies a recommendation of the Senate Select Committee on
Constitutional Amendment Reform.

This joint resolution substantially amends the following sections of the Florida Constitution:
Article IV, section 10 and Article XI, section 5.

## II.    Present Situation:

### Revision or Amendment to the Constitution

Five avenues are available to amend or revise the Florida Constitution: 1) joint legislative
resolution, 2) report by the revision commission, 3) citizen's initiative, and 4) proposal by the
constitutional convention or 5) the taxation and budget reform commission. *See* ss. 1-4 & 6, Art.
XI, *Florida Constitution.* Any proposed amendment or revision to the constitution must be

submitted to the elector at the next general election held more than ninety days after the joint resolution, initiative petition, report of revision commission, or proposal of constitutional convention.[1] *See* s. 5, Art. XI, *Florida Constitution*.

## Citizen's Initiative Process

The citizen's initiative provision is a self-executing constitutional amendment. However, the citizen's initiative process has and can be refined by statute or administrative rule, provided it is necessary to ensure ballot integrity.[2] Under general law, in order to initiate a petition for citizen initiative, a political committee must first be formed. The political committee sponsors the circulation of the petition to obtain the signatures of registered voters to place the measure on the ballot. The Division of Elections must pre-approve the petition[3] format prior to a person's or group's circulation of the petition for signatures.[4] Once sufficient signatures are collected, the signatures are submitted to each county's supervisor of elections, who verifies the validity and registered-elector status of each signatory. Each supervisor then certifies the number of valid signatures to the Secretary of State, no later than the 91st day (about 3 months) before the general election.[5] The constitutionally-prescribed number of geographically-diverse, certified signatures supporting placing the measure on the ballot must be received by the Secretary of State --- in order for the measure to be placed on the general election ballot. Eight percent of the number of electors voting in the last presidential election is needed to put a constitutional amendment by initiative onto the ballot.[6]

The Division of Elections then compiles and certifies the total number of verified signatures to determine whether the requisite number of signatures has been obtained.[7] If the requisite number of signatures is obtained, then the Secretary of State issues a certification of the ballot to the appropriate sponsoring political committee.[8] The Secretary of State also submits the petition for initiative to the Attorney General. In fact, this petition must be submitted to the Attorney General *before* the requisite number of signatures are actually certified if signatures have been obtained from 10 percent of the 8 percent of the electors required by Article XI, s. 3, Florida Constitution, and from 25 percent of the Congressional Districts required by Article XI, s. 3, Florida Constitution.[9]

---

[1] As for a proposal by the taxation and budget reform commission, such proposal must be filed no later than 180 days prior to the general election in the second year following the year in which the commission is established. *See* s. 6, Art. XI, Fla. Const.

[2] *See State ex rel. Citizens Proposition for Tax Relief v. Firestone*, 386 So.2d 561 (1980); *Smith v. Coalition to Reduce Class Size*, 827 So.2d 959 (2002).

[3] A petition form is deemed a political advertisement as defined in s. 106.011(17), F.S.

[4] According to the Department of State's Division of Elections website, the turn-around time for approval is a few days. *See* http://election.dos.state.fl.us.

[5] This year the deadline for filing the initiative petition is August 3, 2004.

[6] The Constitution requires that "the petition be signed by a number of electors in each of one half of the congressional districts of the state (Florida has a total of 23 congressional districts), and of the state as a whole, equal to eight percent of the votes cast in each of such districts respectively and in the state as a whole in the last preceding election in which presidential electors were chosen." Art. XI, s. 3, FLA CONST.

[7] F.A.C. 1S-2.010. The Division compiles the number with respect to each constitutional amendment, by each political committee, for each congressional district and the State as a whole

[8] Id.

[9] s. 15.21(3), F.S.

The Attorney General, in turn, must petition the Florida Supreme Court within 30 days for judicial review as to the legal sufficiency of the initiative petition without ruling on the merits.[10] The Supreme Court is required to issue an advisory opinion as to whether the initiative complies with the single subject requirement of s. 3 of art. XI of the Florida Constitution, and with the ballot title and summary requirements of s. 101.061, F.S. Therefore, the Florida Supreme Court reviews initiatives to determine (1) whether the petition satisfies the single-subject requirement of the Florida Constitution; and also (2) whether the ballot title and summary are printed in clear and unambiguous language as required by statute.[11]

A proposed citizen's initiative can embrace but "one subject and matter directly connected therewith."[12] The Florida Supreme Court has explained this to mean that the proposed amendment must manifest a logical and natural oneness of purpose.[13] In determining whether a proposed amendment to the Florida Constitution violates the single subject rule, the court must consider whether the proposed amendment substantially affects separate functions of government as well as how if affects (not necessarily interacts with) other provisions of the constitution.[14] Citizen initiatives were originally granted a wide berth in terms of what was permissible under the single subject standard, and generally treated the same as the legislative one-subject restriction.[15] The Court significantly retreated from this position in *Fine v. Firestone*,[16] in its holding that if an initiative substantially impacts more than one function, branch, or level of government, it is most likely multi-subject. This test continues to be applied exclusively to citizen initiatives, on the theory that constitutional amendments brought in this manner do not afford the same opportunity for public hearing and debate that other methods provide, such as legislative proposals and constitutional revision commission amendments. [17]

Currently, the Supreme Court is merely required to render its written opinion "expeditiously" on an initiative.[18]

### Judicial Review of Joint Resolutions
Regarding the standard of review for amendments that are proposed by the Legislature, the Supreme Court has typically applied a presumption of validity to these amendments.[19]

---

[10] s. 16.061(1), F.S.
[11] Advisory Opinion to the Atty. Gen. re: Voluntary Universal Pre-Kindergarten Educ., 824 So.2d 161 (2002).
[12] *See* s.3, Art. II, *Fla. Const.*
[13] *See Advisory Opinion to Attorney General ex rel. Local Trustees*, 819 So.2d 725 (Fla. 2002); *In re Advisory Opinion re Term Limits Pledge*, 718 So.2d 798 (Fla. 1998).
[14] *See* Id at *In re Local Trustees; In re Advisory Opinion to the Attorney General-Save Our Everglades*, 636 Sol.2d 136 (Fla. 1994).
[15] *See Floridians Against Casino Takeover v. Let's Help Florida*, 363 So.2d 337 (Fla. 1978).
[16] 448 So.2d 984 (Fla. 1984); *See also Evans v. Firestone*, 457 So.2d 1351 (Fla. 1984).
[17] Advisory Opinion to the Attorney General Re Limiting Cruel and Inhumane Confinement of Pigs During Pregnancy, 815 So.2d 597 (Fla. 2002).
[18] *See* s. 10, art. IV, *Fla. Const.*
[19] Thomas R. Rutherford, *The People Drunk or the People Sober? Direct Democracy Meets the Supreme Court of Florida*, St. Thomas Law Review, page 75 (Fall 2002).

## III.    Effect of Proposed Changes:

The joint resolution amends two different sections of two articles of the *Florida Constitution* to impose specific deadlines for filing an initiative petition and for judicial validation of the initiative petition in order for the initiative to be placed on the ballot.

First, the joint resolution amends s. 10 of Article IV of the *Florida Constitution* to establish February 1 of each general November election year as the deadline for receipt by the Secretary of State of all certified initiative petition signatures from the supervisors of elections in lieu of the 91 days before the general election. Sponsors of initiative petitions will need to obtain signatures well in advance of the February 1 deadline to allow enough time for the supervisors to validate and certify the signatures submitted.

Second, the joint resolution also amends s. 5 of Article XI of the *Florida Constitution*, to establish April 1 of each general election year as the deadline for the Florida Supreme Court to render its written opinion on an initiative petition's validity. Currently, the constitution only requires the Court to render its decision "expeditiously."

Based on this new constitutional framework including statutes and rules, the critical dates for placing a citizen's initiative on the ballot would be as follows for all general elections following 2004:

1) *February 1*: Deadline for *filing* ballot initiative.
2) *February 1-March 31*: Unspecified deadline for the Secretary of State to submit the initiative petition to the Attorney General. The date may actually precede February 1 date as current law requires the Secretary of State to submit an initiative petition to the Attorney General, once 10 percent of 8 percent of the needed signatures have been obtained).
3) *February 1-March 31*: Unspecified deadline for Attorney General to request advisory opinion from the Florida Supreme Court but at a minimum within 30 days from the date of receipt of the initiative petition from the Secretary of State.
4) *April 1*: Deadline for Florida Supreme Court to render advisory opinion as to the initiative's validity.
5) *August 26*: 1st week to publish citizen initiative.
6) *September 23*: 2nd week to publish citizen initiative.
7) *November 4*: General election.

The imposition of specific (and earlier) deadlines at the front and back end of the citizen's initiative process implicitly shorten the time frame during which the Secretary of State and the Attorney General must act. Since their actions are more specifically governed in general law and rule, it is unclear whether these new deadlines will necessitate subsequent statutory or regulatory change to effectuate the citizen initiative process. Additionally, what will constitute "filing of the petition" (as distinguished from pre-approval of the petition format) for purposes of the constitutional deadline will also be governed by general law and administrative rule which currently appear to be when all required signatures have been obtained and certified).[20]

---

[20] *See* F.A.C. 1S-2.009, 1S-2.0091, and 1S-2.010.

**IV.    Constitutional Issues:**

A.    Municipality/County Mandates Restrictions:

None.

B.    Public Records/Open Meetings Issues:

None.

C.    Trust Funds Restrictions:

None.

D.    Other Constitutional Issues:

The joint resolution and the linked implementing bill implicate s. 3 of Article XI of the *Florida Constitution* which is not expressly made part of this joint resolution but directly relates to the constitutional right of a citizen's initiative under that section.

**V.    Economic Impact and Fiscal Note:**

A.    Tax/Fee Issues:

None.

B.    Private Sector Impact:

The financial impact of this joint resolution on initiative petition sponsors, if any, cannot be determined at this time.

It is also indeterminate what effect this may have on the number of initiative petitions that are filed in the future. Currently, there are over 45 citizen initiative petitions pending in the Division of Elections, reflecting a range of issues from Abolition of Alimony Obligations to Repeal of High Speed Rail Amendment.

C.    Government Sector Impact:

Each constitutional amendment is required to be published in a newspaper of general circulation in each county, once in the sixth week and once in the tenth week preceding the general election. Costs for advertising vary depending upon the length of the amendment: however, the cost per amendment is estimated to be approximately $35,000.

**VI.    Technical Deficiencies:**

None. See amendment #1 traveling with the SJR.

**VII.   Related Issues:**

This joint resolution is linked to SB 2400, authorizing that the measure be submitted to the voters for approval or rejection at a special election to be held in conjunction with the August 31, 2004 primary election.

**VIII.   Amendments:**

#1 by Ethics and Elections:
Technical; inserts SJR number.

---

This Senate staff analysis does not reflect the intent or official position of the bill's sponsor or the Florida Senate.