UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-CV-80636-CIV-MARRA/JOHNSON

FLORIDA HOMETOWN DEMOCRACY, INC.,
PAMELA WINCHESTER, BARBARA HERRIN,
SUSAN DUNN, JOHN DUNN, NANCY LEE,
JOSEPH FLORIO, JANET STANKO and JOYCE TARNOW,

Plaintiffs,

v.

KURT BROWNING, in his Official Capacity
as Florida Secretary of State,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Secretary of State's ("Defendant" "Secretary of State"), Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (DE 6) and Plaintiffs Florida Hometown Democracy, Inc., Pamela Winchester, Barbara Herrin, Susan Dunn, John Dunn, Nancy Lee, Joseph Florio, Janet Stanko and Joyce Tarnow's ("Plaintiffs") Motion for Preliminary Injunction (DE 7). The Court held an evidentiary hearing and oral argument on the motions on August 6, 2008. The Court has carefully considered the motions, and the evidence and arguments presented by counsel, and is otherwise fully advised in the premises.

I.  Background

Plaintiffs are comprised of sponsors of a citizen initiative to amend the Florida constitution, two of the sponsor's officers, several Florida electors, individuals who wish to vote for the proposed constitutional amendment, and a not-for-profit corporation/registered political

action committee. (Compl. ¶¶ 1, 8-10.) The proposed constitutional amendment would condition the adoption or amendment of a local government's comprehensive land use plan upon final approval by the local electorate in a referendum. (Compl. ¶ 2.) Defendant is the Florida Secretary of State. (Compl. ¶ 12.)

On June 11, 2008, Plaintiffs filed a Complaint for Declaratory and Injunctive relief against Defendant, alleging that Defendant improperly refused to place the proposed amendment on the November 4, 2008 ballot. (Compl. ¶ 5.) Specifically, Plaintiffs allege that the February 1, 2008 filing deadline for citizens' initiative petition signatures contained in the Florida state constitution is unconstitutional. (Compl. ¶¶ 16, 35.) Furthermore, Plaintiffs allege that the county supervisors of elections ("SOE") failed to validate properly the signatures contained on the petitions filed with the SOE, thus resulting in the Secretary of State's Division of Election undercounting the petitions filed. (Compl. ¶¶ 26-30.) Plaintiffs also challenge an amendment to Florida Statute § 100.371(8), which permits private property owners to exclude from their property persons seeking to engage in activity supporting or opposing initiative amendments. (Compl. ¶ 22.)

Several weeks later, on July 3, 2008, Plaintiffs filed a motion for preliminary injunction. Notably, Plaintiffs did not request expedited briefing for the motion and the motion did not become ripe for adjudication until July 28, 2008. (DE 17.) On July 25, 2008, despite the fact that the motion was not ripe, the Court, concerned about the impending November 4, 2008 election, issued an Order setting a hearing to address Plaintiffs' motion as well as Defendant's motion to dismiss. (DE 15.)

In support of Defendant's motion to dismiss, and by way of defense against the motion

for preliminary injunction, Defendant asserted the defense of improper venue. Although the Court recognized that if Defendant prevailed on its venue argument, the Court would not be able to render a decision on the merits, the Court believed that the best course of action was to allow the parties to present evidence on the merits of the motion for preliminary injunction as well as on venue. This would allow for a more speedy resolution in this time-sensitive case. However, as the Court will explain infra, venue in the Southern District of Florida is lacking and the case must therefore be transferred to the Northern District of Florida. The Court anticipates that the full record developed in this Court will allow the transferee court to rule on the merits of this case expeditiously.

     In arguing venue is improper, Defendant states that he is a state official whose office is located in the Tallahassee. Defendant also notes that the Complaint fails to state that any events or omissions were taken by Defendant in the Southern District of Florida. In response, Plaintiffs claim that, pursuant to 28 U.S.C. § 1391(b), a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Southern District of Florida. Plaintiffs point out that Broward, Dade and Palm Beach counties are populous counties and that many petition signatures were filed with the SOE in those counties. Plaintiffs also contend that their constitutional claims uniformly arise throughout the state of Florida and thus can be asserted in this District. While Plaintiffs did not provide any evidence at the hearing for the Court to consider on venue, Defendant provided evidence that the Secretary of State's official residence is the Northern District of Florida, and that the Secretary of State does not have any offices or employees outside of the state capital in Tallahassee, Florida. At the hearing, Defendant conceded that he is the proper Defendant with respect to Plaintiffs' constitutional challenges, but contended that

Plaintiffs' claims relating to the SOE's handling of petitions in the various counties should have been brought against individual SOEs, and not the Secretary of State.

  II. Legal Discussion

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Once a court has determined that venue is improper, it must dismiss or transfer the case to the appropriate venue.  See Dubin v. United States, 380 F.2d 813, 816 (5th Cir. 1967)[1] (when the first forum chosen is improper, litigation may not proceed in that forum pursuant to section 1406(a)); Continental Ins. Co. v. M/V Orsula, 354 F.3d 603, 607-08 (7th Cir. 2003) (once venue has been found to be improper, the district court must exercise its discretion in deciding to dismiss or transfer the case).  However, a defendant must file a timely and sufficient objection to an alleged venue defect or risk waiving any claim of defect in venue.  See Manley v. Engram, 755 F.2d 1463, 1468 (11th Cir. 1985).  Indeed, section 1406(a) of title 28 does not "impair the jurisdiction of a district court of any matter involving a party who does not interpose a timely and sufficient objection to venue."  Peterson v. BMI Refractories, 124 F.3d 1386, 1391 (11th Cir. 1997).

When an evidentiary hearing is held on a defendant's challenge to venue, the preponderance of evidence standard applies at the hearing and the plaintiff has the burden to prove facts supporting venue.  See, e.g., Purdue Research Foundation v. Sanofi-Synthelabo, 338

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

F.3d 773, 782 (7th Cir. 2003) (preponderance of evidence standard when district court holds an evidentiary hearing to determine jurisdictional issues); Epps v Steward Info. Svcs Corp., 327 F.3d 642 (8th Cir. 2003) (same); Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir. 1998) (same); Federal Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992) (same); CutCo Industries, Inc. v. Naughton, 806 F.2d 361, 364-65 (2d Cir. 1986) (same); Flynt Distrib. Co., Inc. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984) (same); Resolution Trust Corp. v. Pharaon, 915 F. Supp. 351, 358 (S.D. Fla. 1996) (same).

Because Plaintiffs assert federal question jurisdiction, venue is governed by 28 U.S.C. § 1391(b), which provides that a non-diversity case can only be brought in the following venues:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

The uncontroverted evidence demonstrates that the Secretary of State resides and performs his official duties in the Northern District of Florida. Notably, Plaintiffs did not challenge this evidence and presented no evidence that Defendant has more than one residence. In fact, Plaintiffs do not assert that venue is proper under 28 U.S.C. § 1391(b)(1). Consequently, the Court shall apply "the general rule" that in suits against public officials, a defendant's residence for venue purposes is the district where he performs his official duties. Florida Nursing Home Assoc. v. Page, 616 F.2d 1355, 1360 (5th Cir. 1980); reversed on other grounds, 450 U.S. 147 (1981); see also O'Neill v. Battisti, 472 F.2d 789, 791 (6th Cir. 1972) (finding the official residence of the Supreme Court of Ohio is in the place where it performs its official

duties). The Court will, however, address Plaintiffs' contention that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim arose in the Southern District of Florida.

In Jenkins Brick Co. v. Bremer, 321 F.3d 1366 (11th Cir. 2003), the Eleventh Circuit addressed in detail the requirements of this provision.[2]  At the outset, the court stated that "[o]nly the events that directly give rise to a claim are relevant." Jenkins Brick, 321 F.3d at 1371. The court, in adopting the logic of the Eighth Circuit's holding in Woodke v. Dahm, 70 F.3d 983 (8th Cir.1995), explained that "Congress therefore 'meant to require courts to focus on relevant activities of the defendant, not of the plaintiff.'" Jenkins Brick, 321 F.3d at 1371-72 quoting Woodke, 70 F.3d at 985.  The court found that only those acts which were, in and of themselves, "wrongful" or had a "close nexus" to the wrong could form the basis of proper venue. Id. at 1372.

In pointing to substantial events giving rise to the claim, Plaintiffs assert that the SOE improperly validated signatures on the petitions.  This allegation, however, has no bearing on the relevant activities of this Defendant, i.e., the Secretary of State.  No evidence showed that Defendant acted in conjunction with a SOE in this district to invalidate petition signatures.[3] Cf. Bay County Democratic Party v. Land, 340 F. Supp. 2d 802, 807 (E.D. Mich. 2004) (finding that the Michigan secretary of state performed duties relating to voting throughout the state based on

---

[2] In Jenkins Brick, the court analyzed 28 U.S.C. § 1391(a)(2), an identical venue provision for cases arising under diversity jurisdiction.

[3] Had Plaintiffs sued a SOE located in this judicial district, venue could be supported on that basis as well as under section 1391(b)(1) (a judicial district where any defendant resides, if all defendants reside in the same state).

evidence of 173 branch locations and mobile offices that perform functions related to voting). Thus, the evidence does not support venue under 28 U.S.C. § 1391(b)(2).

Plaintiffs fare no better with the claim that their constitutional challenges may be brought in this district against Defendant under 28 U.S.C. § 1391(b)(2). Nothing in the record shows that Defendant took any actions in this district with respect to the challenged statutes. While Plaintiffs argue that they were adversely impacted by these statutes in this district, that fact has no bearing on the Court's analysis. The relevant inquiry for the Court rests on the activities of Defendant, and not Plaintiffs.[4] Jenkins Brick, 321 F.3d at 1371-72. Keeping in mind that the venue statute serves to protect a defendant, id. at 1371, the dearth of evidence regarding Defendant's acts in this district cannot support venue under 28 U.S.C. § 1391(b)(2).[5] Because venue cannot be sustained under 28 U.S.C. § 1391(b)(2), the Court must therefore rely on the general rule that the Secretary of State's residence for venue purposes is the Northern District of Florida, where he

---

[4] The logical import of Plaintiffs' argument is that Plaintiffs could sue Defendant in any district in the state of Florida regardless of Defendant's acts. Adopting this approach would clearly run afoul of Jenkins Brick. Id. at 1371-72 (the focus should be on the activities of the defendant and not the plaintiff).

[5] The Court rejects Plaintiffs' claim that section IV(c) of the Court's General Civil Case Filing Requirements allows them to bring a suit against the Secretary of State where Plaintiffs are located if the Secretary of State is not within this district. That provision states:

> Complaint Against the Secretary of the State of Florida
>
> Any such suit or action should be brought in the district where the action arose or where the defendant is located. If the defendant is not within this District, the venue is the location where the plaintiff is located.

Plaintiffs' interpretation of this provision does not comport with Jenkins Brick and Florida Nursing Home and must be rejected on that basis. A local court rule cannot trump the requirements of a statute enacted by Congress or binding precedent from the United States Court of Appeals.

performs his official duties.

In finding improper venue in this district, the Court must either dismiss or transfer the case. Defendant has not offered any reason to justify dismissal of this action instead of transfer to the Northern District of Florida. The Court believes that transfer to the Northern District of Florida is appropriate, given the general rule that the Secretary of State's residence for venue purposes is the district where he performs his official duties. See Florida Nursing Home supra. Hence, Defendant's motion to dismiss for improper venue is granted.

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant Motion to Dismiss (DE 6) is **GRANTED** in part and on the basis of improper venue. It is denied without prejudice with respect to all other arguments raised in that motion.

2) Plaintiffs' Motion for Preliminary Injunction (DE 7) is **DENIED WITHOUT PREJUDICE** in order that the motion can be heard in the proper forum.

3) Pursuant to 28 U.S.C. § 1406(a), the Clerk shall **TRANSFER** this case to the United States District Court for the Northern District of Florida.

4) All other pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE**

this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of August, 2008.

_____
KENNETH A. MARRA
United States District Judge