IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA HOMETOWN DEMOCRACY,
INC., PAMELA WINCHESTER,
BARBARA HERRIN,SUSAN DUNN,
JOHN DUNN, NANCY LEE, JOSEPH
FLORIO, JANET STANKO, and
JOYCE TARNOW,

       Plaintiffs,

v.                             CASE NO.: 4:08cv373-SPM/WCS

KURT BROWNING, in his Official
Capacity as Florida Secretary of State,

       Defendant.
_____/

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
AND DISMISSING COMPLAINT**

By citizens' initiative, Plaintiffs have sought to place on the November 2008 Florida general election ballot a proposed amendment to the Florida Constitution that would require voter approval before changing a local comprehensive land use plan[1]. The Florida Constitution expressly provides for

---

[1] Florida has establish an administrative framework for land use regulation by enacting the Local Government Comprehensive Planning and Land Development Regulation Act, §§ 163.3161-32465, Fla. Stat. A comprehensive land use plan is the means by which a local government guides and controls future land development within its jurisdiction. Fla. Stat. §§ 163.3167(1) and (2). Currently, a plan can be amended with the concurrence of local government and

initiative amendment under Article XI, Section 3[2].

Among other requirements, a proposed amendment by initiative must be supported by a petition with signatures from voters across the state's congressional districts. Fla. Const. Art. XI, § 3. Verification of signatures is delegated by statute to county supervisors of elections, who must verify the signatures within 30 days of receipt of the petition and fee[3]. Fla. Stat. § 100.371(3). "[F]rom the signatures verified by the supervisors of elections" the Florida Secretary of State is responsible for determining whether the petition is supported by the required number and distribution of voters. Fla. Stat. § 100.371(4). Once the Secretary determines that the petition has the required

---

state agencies. Fla. Stat. §§ 163.3187.

[2] Article XI, Section 3, of the Florida Constitution states:
The power to propose the revision or amendment of any portion or portions of this constitution by initiative is reserved to the people, provided that any such amendment or revision or amendment, except for those limiting the power of government to raise revenue, shall embrace but one subject and matter directly connected therewith. It may be invoked by filing with the custodian of state records a petition containing a copy of the proposed revision or amendment, signed by a number of electors in each of one half of the congressional districts of the state, and of the state as a whole, equal to eight percent of the votes cast in each such districts respectively and in the state as a whole in the last preceding election in which presidential electors were chosen.

[3] The fee is prescribed by Fla. Stat. § 99.097. It amounts to "10 cents for each signature checked or the actual cost of checking such signature, whichever is less." Fla. Stat. § 99.097(4), Fla. Stat.

CASE NO.: 4:08cv373-SPM/WCS

support, the petition is deemed filed.  Fla. Stat. § 100.371(1).  To be placed on the ballot, the petition must be filed by February 1 of the year that the general election is held.  Fla. Const. Art. XI, §5(b)[4]; Fla. Stat. § 100.371(1).

Plaintiffs allege on information and belief that they submitted the required signatures, but the local supervisors of elections failed to properly verify them.  As a result, the Secretary of State did not determine their petition to meet the requirements for filing within the February 1 deadline.  Plaintiffs are suing Florida Secretary of State Kurt Browning under Title 42, United States Code, Section 1983, for acting under color of state law to deprive Plaintiffs of due process of law, equal protection of law, and the speech, voting, and associational rights secured by the First and Fourteenth Amendments to the United States Constitution.  Plaintiffs also seek a preliminary injunction to prohibit the Secretary of State from enforcing the February 1 filing deadline and directing him to place the proposed amendment on the November 2008 general election ballot.  Plaintiffs also request the Court to prohibit the supervisors of election from using disparate signature verification criteria.  They also seek to invalidate Fla. Stat. §

---

[4] Article XI, Section 5(b) of the Florida Constitution states:
  A proposed amendment or revision to this constitution, or any part of it, by initiative shall be submitted to the electors at the general election provided the initiative petition is filed with the custodian of state records no later than February 1 of the year in which the general election his held.

CASE NO.: 4:08cv373-SPM/WCS

100.371(8)[5], which allows private property owners to exclude from their property persons engaging in activity to support or oppose initiative amendments.

The Secretary of State, who is the sole defendant in this case, opposes the preliminary injunction and has filed a motion to dismiss on grounds that the complaint fails to state a claim against him upon which relief may be granted.

## I.   ANALYSIS

### A.   Standards for Motion to Dismiss and Preliminary Injunction

A complaint is subject to dismissal under Rule 12(b)(6) if it fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d. 678, 684 (11th Cir. 2001). To state a valid claim for relief under 42 U.S.C. § 1983, a plaintiff must establish (1) the deprivation of a federal right secured by the Constitution or statute[6], which was

---

[5] Section 100.371(8), Florida Statutes, provides:
  No provision of this code shall be deemed to prohibit a private person exercising lawful control over privately owned property, including property held open to the public for the purposes of a commercial enterprise, from excluding from such property persons seeking to engage in activity supporting or opposing initiative amendments.

[6] Additional elements subsumed in establishing a deprivation of a federal right will vary depending on the particular right at issue.  See e.g. Graham v. Connor, 490 U.S. 386, 393-94 (1989) (rejecting the existence of a "generic 'right'" under § 1983 and applying the standard governing the specific right allegedly infringed.)

(2) caused by the defendant acting under color of state law.  Wideman v. Shallowford Cmty. Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987).

To obtain a preliminary injunction, a plaintiff has the burden to demonstrate (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction were not granted, (3) that the threatened injury outweighs any harm an injunction may cause the defendant, and (4) that granting the injunction will not be adverse to the public interest.  Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  McDonald's Corp. v. Robertson, 147 F.3d 1310, 1306 (11th Cir. 1998).  If the Court finds that the movant has failed on any one of the requisites, it is unnecessary to address the others.  United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).

### B.   No Federal Right to Place Initiative on Ballot

The starting point to analyze any § 1983 claim is to identify the federal right allegedly violated.  Graham v. Connor, 490 U.S. 386, 394 (1989) citing Baker v. McCollan, 443 U.S. 137, 140 (1979).  This case is primarily about the placement of Plaintiffs' initiative on the ballot, and not speech associated with the

circulation or promotion of the initiative.[7]

The law recognizes an important distinction between the right to place an initiative on the ballot and the right to circulate and promote political positions. Biddulph v. Mortham, 89 F.3d 1491, 1498 (11th Cir. 1996). The right to place on the ballot an initiative petition is a state-created right. Id. at 1500. As a state-created right, placement on the ballot does not by itself implicate the speech, voting, and associational rights secured by the First Amendment. Id.; Gibson v. Firestone, 741 F.2d 1268, 1272-73 (11th Cir. 1984); Initiative and Referendum Institute v. Walker, 450 F.3d 1082, 1099 (10th Cir. 2006). This is in contrast to "the circulation of initiative petitions and the concomitant exchange of political ideas" which constitute "core political speech" under the First Amendment. Biddulph, 89 F.3d at 1498. It is also in contrast to the right to vote under the First Amendment, which protects the "lynchpins of our democratic form of government: the rights of candidates to offer themselves for public office and the rights of voters to vote for or against those candidates." Gibson, 741 F.2d at 1273. Whereas participation in "representative government" involves the fundamental right to vote, "direct democracy . . . by initiative or referendum . . . is a matter of legislative grace." Kelly v. Macon-Bibb County Bd. of Elections, 608 F.Supp. 1036, 1039 n.1 (M.D. Ga. 1985) (emphasis in original). Accordingly,

---

[7] An exception is Plaintiffs' challenge to the private property right protections of Fla. Stat. § 100.371(8), which will be addressed separately.

when a state creates an initiative procedure "by which issues that might otherwise be considered by elected representatives may be put to the voting populace . . . [t]he state . . . "retains the authority to interpret its scope and availability." Gibson, 741 F.2d at 1273.

Plaintiffs "can claim no constitutionally-protected right to place issues before the Florida electorate; any opportunity to do so must be subject to compliance with state constitutional requirements." Id. Indeed, Plaintiffs conceded that they do not have a federal right to amend the Florida constitution by initiative. Doc. 15 at 4, Doc. 18 at 4. Plaintiffs continue to rely, however, on the standards that apply to violations of speech, voting, and associational rights secured by the First and Fourteenth Amendment in their arguments. Plaintiffs' arguments are misplaced because these constitutional rights are not implicated by Plaintiffs' ballot placement issues. Plaintiffs have failed to state a claim for relief upon them.

State-created rights, while not directly within the protection of § 1983, can implicate federally guaranteed rights to due process and equal protection of the law. Plaintiffs claims will therefore be analyzed in relation to these rights.

### C. February 1 Deadline Does Not Violate Due Process or Equal Protection

#### 1. Due Process

The February 1 deadline is imposed by Florida law, specifically, the

Florida Constitution, Art. XI, §5, and the implementing statute, Fla. Stat. § 100.371(1).  Plaintiffs do not specify whether their due process challenge to the law is substantive or procedural, but they cannot state a valid claim for relief on either point.

The focus of procedural due process is the fairness of the procedures used by the government to deprive one of a liberty or property interest. Donaldson v. Clark, 819 F.2d 1551, 1558 (11th Cir. 1987).  At its essence, procedural due process is concerned with notice and the opportunity to be heard. Id.  When the alleged deprivation is caused by a legislative act, such as the law at issue in this case, procedural due process is not implicated.  This is because the process of passing the law itself provides to those affected by the law with all the process that is due.  75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1294 (11th Cir. 2003).  Plaintiffs cannot state a valid procedural due process claim regarding the February 1 deadline established by law.

Substantive due process focuses on fundamental rights that are "'implicit in the concept of ordered liberty'".  Lewis v. Brown, 409 F.3d 1271, 1273 (11th Cir. 2005) quoting McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994). These fundamental rights are limited to the rights enumerated in the Bill of Rights and applied to the states by incorporation through the Fourteenth Amendment, plus a small number of unenumerated rights, such as those based on privacy. McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994).  As explained above,

CASE NO.: 4:08cv373-SPM/WCS

Plaintiffs' issue with the February 1 deadline is not rooted in any First Amendment right, only the state-created right to place an initiative on the ballot.

While substantive due process does not ordinarily protect state-created rights, there is an exception. Lewis, 409 at 1273. "Where an individual's state-created rights are infringed by 'legislative act,' the substantive component of the Due Process Clause generally protects him from arbitrary and irrational action by the Government." Id. Plaintiffs have not alleged or otherwise argued that the February 1 filing deadline is arbitrary and irrational. They only contend that the deadline does not meet First Amendment standards, which are more rigorous and not applicable to this case. Doc. 9 at 7-9. Thus Plaintiffs have not stated a valid substantive due process violation regarding the February 1 deadline.

**2.     Equal Protection**

"[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). When, as in this case, no fundamental right or suspect classification is implicated, an equal protection claim will lie only where the difference in treatment is intentional and there is no rational basis for it. Id. "[T]hose attacking the rationality of the legislative classification have the burden 'to negative every conceivable basis which might

support it'"  F.C.C. v. Beach Commc'ns, Inc., 508 U.S. 307, 315 (1993) (internal citation omitted).

As discussed above, Plaintiffs have not alleged or otherwise argued that the February 1 deadline is irrational.  Their arguments focus on the stricter standard that applies when First Amendment rights are at issue.  Plaintiffs do not, however, have a right under the First Amendment to place an initiative on the ballot.  Biddulph, 89 F.3d at 1500; Gibson, 741 F.2d at 122-73.  Plaintiffs fail to state a valid equal protection claim with regard to the February 1 deadline.

### D. Secretary Not Appropriate Defendant for Claims Against the Supervisors of Elections

Plaintiffs have sued the Secretary in his official capacity and have alleged claims against him based on actions taken by unnamed supervisors of elections. Official capacity suits are available against a defendant who is a part of the government entity that committed the acts being sued upon.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  It is another way of pleading a claim against the government entity.  Hafer v. Melo, 502 U.S. 21, 25 (1991).  To establish liability a "'the entity's policy or custom' must have played a part in the violation of federal law." Id.

In this case, the Secretary and the supervisors of elections do not represent the same government entity.  The Department of State is a statutorily-created entity in Florida and it is headed by the Secretary of State.  Fla. Stat. §

20.10. The supervisors of elections are constitutional officers elected by county. Fla. Const. Art. VII, § 1(d). Plaintiffs fail to connect any policy or custom established by the Secretary to the alleged failure of the supervisors of elections to properly verify the petition signatures. There is no allegation that the Secretary improperly did something or failed to do something that contributed to the alleged verification problems. Plaintiffs were given the opportunity to establish a connection during an evidentiary hearing with Judge Marra prior to the transfer of this case.[8] "No evidence showed that [the Secretary] acted in conjunction with a [supervisor of election] to invalidate petition signatures." Doc. 1 at 7 (Opinion and Order at 6, Fla. Hometown Democracy, Inc. v. Browning, 08cv8036-CIV-MARRA/JOHNSON, doc. 28, (S.D. Fla. Aug. 12, 2008)). Accordingly, Plaintiffs have failed to state a claim against the Secretary based on the alleged failure of the supervisors of elections to properly validate the petition signatures.

### E. Fla. Stat. § 100.371(8) Claim Not Alleged and the Secretary is not the Proper Defendant

In their motion for preliminary injunction, Plaintiffs ask the Court to invalidate Fla Stat. § 100.371(8), which allows private property owners to exclude from their property persons engaging in activity to support or oppose initiative

---

[8] This case was originally filed in the United States District Court for the Southern District of Florida. It was transferred here because of improper venue. See Doc. 1.

CASE NO.: 4:08cv373-SPM/WCS

amendments. Plaintiffs, however, did not challenge this provision in their complaint. Furthermore, the Secretary is not the proper defendant. "[W]here the plaintiff seeks a declaration of the unconstitutionality of a state statute and an injunction against its enforcement, a state officer, in order to be an appropriate defendant, must, at a minimum, have some connection with enforcement of the provision at issue." Socialist Workers Party v. Leahy, 145 F.3d 1240, 1248 (11th Cir. 1998). Plaintiffs make no allegation that the Secretary enforces Fla. Stat. § 100.371(8), and there is no indication under Florida law that he does. Accordingly, Plaintiffs have not stated a valid claim to invalidate Fla. Stat. § 100.371(8).

## II. CONCLUSION

Plaintiffs have not stated any valid claims for relief against the Secretary and have failed to demonstrate a substantial likelihood of success on the merits. With regard to the February 1 deadline, Plaintiffs have no valid First Amendment claims and have not alleged a violation of due process or equal protection. With regard to the alleged failure of the supervisors of election to properly verify signatures, Plaintiffs have not shown that any custom or policy of the Secretary played a causal role. Finally, with regard to Fla. Stat. § 100.371(8), Plaintiffs did not challenge the provision in their complaint and they have not established that the Secretary would be the appropriate defendant. Accordingly, it is

ORDERED AND ADJUDGED:

1.	Plaintiffs' motion for a preliminary injunction (doc. 8) is denied.

2.	The Secretary's motion to dismiss (doc. 7) is granted.

3.	Plaintiffs' complaint (doc. 2) is dismissed for failure to state a claim upon which relief may be granted.  The dismissal is without prejudice to Plaintiffs' opportunity to pursue in a separate suit any claims they may have against the supervisors of elections and the official responsible for enforcing Fla. Stat. § 100.371(8).

DONE AND ORDERED this 29th day of August, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge